No. 23-13200-F

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

**HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and GEORGIA POWER COMPANY,**

Appellants,

v.

**CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS,**

Appellee.

On Appeal from the United States District Court for the
Southern District of Georgia
No. 2:22-cv-00132

## APPELLANT GEORGIA POWER COMPANY'S RESPONSE TO APPELLEE'S MOTION TO STRIKE SCANDALOUS ACCUSATIONS

T. Joshua R. Archer
Georgia Bar No. 021208
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd., NW
Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020

Benjamin H. Brewton
Georgia Bar No. 002530
Balch & Bingham LLP
801 Broad Street, Suite 800
Augusta, Georgia 30901
Telephone: (706) 842-3711

*Attorneys for Appellant Georgia Power Company*

City of Brunswick v. The Georgia Power Company
Appeal No. 23-13200-F

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellant Georgia Power Company file this Certificate of Interested Persons and Corporate Disclosure Statement and certify the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for Appellant Georgia Power Company

- Balch & Bingham LLP, law firm of counsel for Appellant Georgia Power Company

- Bell, John C. Jr., counsel for Appellee City of Brunswick

- Brewton, Benjamin H., counsel for Appellant Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International, Inc.

- City of Brunswick, Appellee

- Corry, Brian Donald, counsel for Appellee City of Brunswick

- Georgia Power Company, Appellant

- Gilbert, Harrell, Sumerford & Martin, P.C., law firm of counsel for Appellant Honeywell International, Inc.

- Hall, J. Randal, Judge, United States District Court for the Southern District of Georgia

- Honeywell International, Inc. (NASDAQ: HON), Appellant

- James, Pamela S., counsel for Appellee City of Brunswick

- Johnson, Mark D., counsel for Appellant Honeywell International, Inc.

- Killian Law Firm LLC, law firm of counsel for Appellee City of Brunswick

- Killian, Robert P., counsel for Appellee City of Brunswick

- McQuigg Smith & Corry, law firm of counsel for Appellee City of Brunswick

- Southern Company (NYSE: SO), publicly held corporation that owns 100% of stock of Appellant Georgia Power Company

- The Bell Firm, law firm of counsel for Appellee City of Brunswick

Appellee the City of Brunswick asks the Court to strike two paragraphs of Appellant Georgia Power Company's Reply Brief (filed almost two months ago) that, the City contends, falsely accuse the City of falsely accusing Georgia Power's counsel of violating its ethical duties of candor to this Court. The irony of the City's Motion should not be lost on the Court.

In its Brief of Appellee, the City accused Georgia Power of misrepresenting to the Court the authority of *Oglethorpe Power Corp. v. Forrister*, 289 Ga. 331 (2011), a case supporting Georgia Power's argument that the City's claims against Georgia Power are barred by the statute of limitations. The City contended Georgia Power "neglect[ed]" and "fail[ed] to report to this Court that" the rule of law for which Georgia Power relies on *Forrister* "has been overruled" by *Wise Business Forms v. Forsyth County*, 317 Ga. 636 (2023), and "is no longer good law." In its Reply Brief, Georgia Power stated this "is a patently false and imprudent accusation"—because it is.

In its initial Brief of Appellant, Georgia Power quoted *Forrister*'s holding that if a nuisance is permanent then "a plaintiff is allowed only one cause of action to recover damages for past and future harm[, and t]he statute of limitation begins to run against such a claim upon the creation of the nuisance once some portion of the harm becomes observable." 289 Ga. at 333. As Georgia Power explained in its Reply Brief, *Wise Business Forms* did not "overrule" this language from *Forrister*,

1

as the City wrongly claims. *Wise Business Forms* held *Forrister*, on which the lower court relied, articulated "one of the correct standards to apply in determining when the applicable statute of limitation begins to run on a permanent nuisance claim," but it "clarif[ied *Forrister*'s] standards for determining when" such a claim accrues. 317 Ga. at 636. The *Wise Business Forms* court found "th[e] language from *Forrister* [quoted above] is imprecise because it does not explain that this standard will not apply in *all* permanent nuisance cases," since "[p]ermanent nuisance cases vary in relation to when the alleged harm to a plaintiff's property caused by the nuisance becomes 'observable' to the plaintiff." *Id*. at 641 (quoting *Forrister*, 289 Ga. at 333) (emphasis in original).[1]

Moreover, as Georgia Power also showed in its Reply Brief, in discussing *Wise Business Forms*'s clarification of *Forrister*, the Georgia Court of Appeals in *Columbia County v. Satcher*, 369 Ga. App. 608 (2023), not once referred to any part of the *Forrister* opinion as having been overruled or as no longer good law.[2]

---

[1] *Wise Business Forms*'s point of clarification is irrelevant in this case. Thus, even if *Wise Business Forms* did overrule *Forrister*, which it patently did not, the language of *Forrister* on which Georgia Power relies is still good law, as Georgia Power explained in its Reply Brief.

[2] Despite Georgia Power's exacting explanation in its Reply Brief of why *Wise Business Forms* did not "overrule" *Forrister*, the City continues to insist in its Motion that "the statement in the [*Forrister*] decision cited by Georgia Power had been overruled by the *Wise* decision." Motion at 7.

Nowhere in the *Wise Business Forms* opinion does any variation of the word "overrule" appear, much less in reference to *Forrister*. On Westlaw, *Forrister* is not shown as having been "overruled;" rather, the opinion's header shows the following:



The excerpt from *Forrister* included in the City's Motion (*see* Motion at 2-3) is from a printed .pdf version of the opinion that shows this header:

Oglethorpe Power Corp. v. Forrister, 289 Ga. 331 (2011)
711 S.E.2d 641, 11 FCDR 1760

KeyCite Red-Striped Flag - Overruled in Part
Disagreed With by   Wise Business Forms, Inc. v. Forsyth County, Ga., September 19, 2023

Both Westlaw's online and .pdf versions of the *Forrister* opinion correctly show *Wise Business Forms* "disagreed with" *Forrister*, as Georgia Power explained in its Reply Brief. *Wise Business Forms*'s "disagree[ment] with" *Forrister* is entirely consistent with *Wise Business Forms*'s "clarif[ication]" of the standards for determining when a permanent nuisance claim accrues, one of which standards *Forrister* "correct[ly]" stated, according to the *Wise Business Forms* court.

The City attempts to justify its accusations of Georgia Power's "neglect" and "fail[ure] to report to this Court" by clinging to the phrase "Overruled in Part" in the header of the printed .pdf version of the *Forrister* opinion. But that characterization of *Forrister* by Westlaw is incorrect. A plain reading of the *Wise Business Forms* opinion shows this. *Forrister* has never been overruled or reversed or vacated, and the rule of law upon which Georgia Power relies in *Forrister* is still good law. If the City had analyzed *Wise Business Forms*'s treatment of *Forrister* before filing its Brief of Appellee, it would have understood this and not imprudently accused Georgia Power of "fail[ing] to report to this Court" *Forrister*'s alleged "overruling".

In its Brief of Appellee and again in its current Motion, the City effectively accuses Georgia Power's counsel of violating its ethical duties of candor to this Court. *See* Georgia Rules of Professional Conduct, Rule 3.3(a)(1) ("A lawyer shall not knowingly: make a false statement of material fact or law to a tribunal …."). Georgia Power does not take such an accusation lightly. Georgia Power therefore rightly pointed out in its Reply Brief the falsity of the City's repeated accusations of Georgia Power's counsel's lack of candor.

For the foregoing reasons, Georgia Power requests the Court to deny the City's Motion in its entirety.

Respectfully submitted this 8th day of April, 2024.

*/s/ T. Joshua R. Archer*
T. Joshua R. Archer

Georgia Bar No. 021208
**Balch & Bingham LLP**
30 Ivan Allen Jr. Blvd., NW, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
jarcher@balch.com

Benjamin H. Brewton
Georgia Bar No. 002530
**Balch & Bingham LLP**
801 Broad Street, Suite 800
Augusta, Georgia 30901
Telephone: (706) 842-3711
bbrewton@balch.com

*Attorneys for Appellant Georgia Power Company*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify this brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). This brief contains 885 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). The type size and style used in this brief are font size 14, Times New Roman Style.

>  /s/ T. Joshua R. Archer
>  T. Joshua R. Archer
>  Georgia Bar No. 021208
>  *Attorney for Appellant Georgia Power Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2024, I have filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to counsel of record.

| | |
|---|---|
| John C. Bell, Jr.<br>Pamela S. James<br>The Bell Firm<br>P.O. Box 1547<br>Augusta, GA  30903 | Brian D. Corry<br>McQuigg Smith & Corry<br>504 Beachview Drive<br>Suite 3D<br>St. Simons Island, GA  31522 |
| Robert P. Killian<br>Killian Law Firm LLC<br>47 Professional Drive<br>Brunswick, GA  31520 | Mark D. Johnson<br>Amber M. Carter<br>Gilbert Harrell Sumerford & Martin PC<br>777 Gloucester Street<br>Suite 200<br>Brunswick, GA  31520 |

/s/ T. Joshua R. Archer
T. Joshua R. Archer
Georgia Bar No. 021208
*Attorney for Appellant Georgia Power Company*

23807734