No. 23-13200-F

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

**HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL
CORPORATION and as ALLIEDSIGNAL, INC., and GEORGIA POWER
COMPANY,**
                                                            **Appellants**
**v.**

**CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF
COMMISSIONERS,**
                                                            **Appellee**

---

On Appeal from the United States District Court for the
Southern District of Georgia
No. 2:22-cv-00132

---

**APPELLEE'S REPLY IN FURTHER SUPPORT OF MOTION
TO STRIKE SCANDALOUS ACCUSATIONS**

---

John C. Bell, Jr.
GA Bar No. 048600
Pamela S. James
GA Bar No. 389015
The Bell Firm
PO Box 1547
Augusta, GA 30903-
1547
(706) 722-2014
john@bellfirm.net
pam@bellfirm.net

Robert P. Killian
GA Bar No. 417575
Killian Law Firm, LLC
47 Professional Drive
Brunswick, GA 31520
(912) 263-9520
bob@killianlawfirm.com

Brian D. Corry
McQuigg Smith & Corry
504 Beachview Drive
Suite 3-D
St. Simons Island, SC 31522
(912) 638-1174
brian@msclawga.com

*Attorneys for Appellee*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellee The City of Brunswick files this Certificate of Interested Persons and Corporate Disclosure Statement and certify the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for appellant Georgia Power Company

- Arnold & Porter Kaye Scholer LLP, law firm for Appellant Honeywell International, Inc.

- Balch & Bingham LLP, law firm of counsel for Appellant Georgia Power Company

- Bell, John C., Jr., counsel for Appellee City of Brunswick

- Birkel, Charles, counsel for Appellant Honeywell International, Inc.

- Brewton, Benjamin H., counsel for Appellant Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International, Inc.

- City of Brunswick, Appellee

- Corry, Brian Donald, counsel for Appellee City of Brunswick

- Fayne, S. Zachary, counsel for Appellant Honeywell International, Inc.

- Georgia Power Company, Appellant

- Gilbert, Harrell, Sumerford & Martin, P.C., law firm of counsel for Appellant Honeywell International, Inc.

- Hall, J. Randal, Judge, United States District Court for the Southern District of Georgia

- Honeywell International, Inc. (NASDAQ: HON), Appellant

- Israel, Brian D., counsel for Appellant Honeywell International, Inc.

- James, Pamela S., counsel for Appellee City of Brunswick

- Johnson, Mark D., counsel for Appellant Honeywell International, Inc.

- Killian Law Firm LLC, law firm of counsel for Appellee City of Brunswick

- Killian, Robert P., counsel for Appellee City of Brunswick

- McQuigg Smith & Corry, law firm of counsel for Appellee City of Brunswick

- Southern Company (NYSE: SO), publicly held corporation that owns 100% of stock of Appellant Georgia Power Company

- The Bell Firm, law firm of counsel for Appellee City of Brunswick

_s/ John C. Bell, Jr._
John C. Bell, Jr.

Counsel for Appellee City of Brunswick

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO STRIKE**

This brief is submitted in reply to the responsive brief of Georgia Power filed April 8, 2024. Dkt. 44. A close reading of Georgia Power's brief confirms that the assertions made by counsel for the City of Brunswick in its brief are truthful and that the relief sought by this motion should therefore be granted.

If one is on Westlaw and types in the citation for the *Oglethorpe Power Corp. v. Forrester* case, that decision comes up on one's computer. At the top of the screen is the *Oglesthorpe Power* title and citation with a red-striped flag to the left. About one inch below that is a second red-striped flag followed by the words "overruled in part." These words and the red flag are a digital button that, when pressed, causes the part of the decision that Westlaw deemed to have been overruled to be set out with a red vertical line and another red-striped flag to the left. Georgia Power chose to cite and quote from this paragraph that is marked as having been overruled without noting that fact to this Court. Dkt. 20, pp. 26, 30, 31. Moreover, the citations to *Oglethorpe Power Corp.* in the *Wise* decision bare a red-striped flag beside the word *Oglethorpe* every time it is cited. *Wise Business Form, Inc. v. Forsyth County*, 317 Ga. 636, 636-644 (2023).

The undersigned was instructed as a first-year law student to shepardize any case one might wish to cite to a court. The undersigned's career at the Bar began with two years service as the law clerk to an article three judge. One of the law clerk's duties was to shepardize any case cited in a memo or draft order written for the judge and also to shepardize every case in every brief submitted by counsel for parties in support of or in opposition to any motion pending before the court.

The modern equivalent of the hardbound volumes of Shepard's Citations and the paper-bound supplements is the digital advice provided online by Westlaw and similar advice provided now digitally by Lexis Nexis.

Georgia Power makes the strange argument that the *version* of the *Oglethorpe* decision submitted by counsel in its brief is somehow different from the actual reported decision as it appears on Westlaw. Dkt. 44, pp. 3-7. Georgia Power's argument that the words "overruled in part" do not appear except in a PDF *version* of the *Oglethorpe* decision is not true. Dkt. 44, pp. 3, 7. A photographic screen shot shows what Westlaw reports digitally:

# 🏴 Oglethorpe Power Corp. v. Forrister 🔖 👓

Supreme Court of Georgia. · June 13, 2011 · 289 Ga. 331 · 711 S.E.2d 641 · 11 FCDR 1760 (Approx.

Document    Filings (25)    Negative Treatment (3)    History (7)    Citing Referen

☰   ‹ 🏴 Overruled in part ›

➡ the cost of the repairs needed to abate the nuisance—at least $3 million—
the statute of limitation began to run in 2000 when the plant began oper
693 S.E.2d 553. The dissenters also argued that the noise from the plant
and relatively enduring feature of the plan of construction or from an ess

 2. Generally, whether a nuisance is deemed to be
of limitations will be applied." *Kleber,* 285 Ga. at 416, 677 S.E.2d 134. If the
only one cause of action to recover damages for past and future harm. Th
nuisance once some portion of the harm becomes observable. See *id.*; Re:
🏴 even if possible to abate, if "it is one whose character is such that, from its
indefinitely." *Bainbridge Power Co. v. Ivey,* 41 Ga.App. 193, 193, 152 S.E. 306
can and should be abated.' " *Kleber,* 285 Ga. at 416, 677 S.E.2d 134 (citation
nuisance for which a fresh action will lie," and the statute of limitation will

The appellate courts of this State have adopted rules set forth in the Restat

The above confirms the accuracy of the statement made by the City of Brunswick:

> Georgia Power centers its statute of limitations defense argument on language appearing in the *Forrester* decision that Georgia Power cites to this Court:
>
>> If the nuisance is permanent, the statute of limitations begins "once some portion of the harm becomes observable," and "a plaintiff is allowed only one cause of action to recover damages for past and future harm." *Forrister*, 289 Ga. at 333.
>
> Dkt. 20, p. 26.
>
> However, Georgia Power fails to report to this Court that the above-cited holding has been overruled, though overruled in polite language. *Wise Business Forms, Inc. v. Forsyth County*, __ Ga. __, 893 S.E.2d 32, 37 (9/19/2023). On Westlaw, the *Oglethorpe Power* decision is headlined with a red-striped flag and the words "overruled in part, disagreed with by *Wise Business Forms v. Forsyth County*, Ga., September 19, 2023."

Dkt. 32, pp. 43-44.

Yet, rather than admitting the obvious, Georgia Power repeats its slander of counsel for the City by asserting to this Court:

> In its Reply Brief, Georgia Power stated this "is a patently false and imprudent accusation" – because it is.

Dkt. 44, p. 4.

Georgia Power is free to make its argument that the Westlaw editors and perhaps also the current Justices of the Georgia Supreme Court got it wrong in *Wise Business Forms, Inc. v. Forsyth County*, 317 Ga. 636 (2023), and in Westlaw's report of the *Oglethorpe Power* decision. In fact, Georgia Power does make this argument by asserting, "But that characterization of *Forrister* by Westlaw is incorrect." Dkt. 44, p. 7.

Georgia Power thus admits, although inadvertently, that it cited authority to this Court that Westlaw had deemed overruled. Georgia Power seeks to excuse its lack of candor to this Court by noting that Justice LaGrua did not use the word *overruled* in describing the Court's disagreement with the holding in *Oglethorpe Power* that Westlaw reports as being overruled. Dkt. 44, p. 6. But such language is not required by the jurisprudence of the Georgia Supreme Court:

> The rule that applies to an intermediate appellate court such as the Georgia Court of Appeals when examining its own discordant decisions should not be confused with the rule that applies to a jurisdiction's highest court such as the Georgia Supreme Court when discord may exist between older and newer precedents of that high court. "When a high court finds discordant opinions among its own horizontal precedents ... [the court] generally follows its decision in the most recent case, which must have tacitly overruled any truly inconsistent holding." (Punctuation omitted; emphasis supplied.) The Law of Judicial Precedent, supra, at 300. See also *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201, 203, 219 S.E.2d 115 (1975) (When faced with its own

conflicting decisions, the Georgia Supreme Court's more recent case was controlling, because the case decided by this Court "later in time is the more persuasive decision.").

*White v. State*, 305 Ga. 111, 122, n. 10 (2019).

Georgia Power can assert the argument that the Westlaw report of *Oglethorpe* being overruled in part is wrong without falsely accusing opposing counsel of lying to this Court. But, that argument does not change the fact that the report most lawyers would look to for the *Oglethorpe Power* decision, the Westlaw report, states "overruled in part" with the part that was overruled being identified by Westlaw's redline and red flag that identify the paragraph that included the statements quoted by Georgia Power in its brief and that Georgia Power chose not to disclose this documented overruling. Dkt. 20, pp. 26-31.

Georgia Power confirms the seriousness of its false attacks on the credibility of counsel for the City of Brunswick by citing Rule 3.3(a)(1) of the Georgia Rules of Professional Conduct. Dkt. 44, p. 7.

Georgia Power's willingness to again falsely challenge the veracity of counsel for the City of Brunswick tells much about the lack of merit of Georgia Power's appeal of the district court's order granting the motion to remand filed by the City of Brunswick.

## CONCLUSION

The Motion to Strike should be granted.

Respectfully submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net
Pam@bellfirm.net

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA 31520
(912) 263-9520
bob@killianlawfirm.com

Brian Donald Corry (Ga. Bar No. 165557)
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

Counsel for Appellee City of Brunswick

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). This reply brief contains 1,111 words, excluding the insert on page three. The type size and style used in this brief are font size 14, Times New Roman Style.

*s/ John C. Bell, Jr.*
Counsel for Appellee City of Brunswick

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2024, I have filed the foregoing Appellee's Reply Brief in Further Support of Motion to Strike Scandalous Accusations with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

_s/ John C. Bell, Jr._
John C. Bell, Jr.
Counsel for Appellee City of Brunswick