No. 23-13200-F

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

CITY OF BRUNSWICK

*Plaintiff-Appellee*,

v.

THE GEORGIA POWER COMPANY, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the Southern District of Georgia
No. 2:22-cv-00132-JRH-BWC (Hall, C.J.)

## APPELLANT HONEYWELL INTERNATIONAL INC.'S RESPONSE TO
## APPELLEE'S MOTION TO DISMISS

Elisabeth S. Theodore
Sean A. Mirski
Charles Birkel
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com

Jeffrey D. Talbert
ARNOLD & PORTER KAYE
SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Telephone: (207) 233-3463
Fax: (212) 836-8689
jeff.talbert@arnoldporter.com

*Counsel for Defendant-Appellant Honeywell International Inc.*

(additional counsel listed on next page)

Zachary Fayne
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center, 10th Fl.
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Fax: (415) 471-3400
zachary.fayne@arnoldporter.com

Mark D. Johnson
Amber M. Carter
GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.
777 Gloucester St., Ste. 200
Brunswick, GA 31520
Telephone: (912) 265-6700
Fax: (912) 264-0244
mjohnson@ghsmlaw.com

*Counsel for Defendant-Appellant Honeywell International Inc.*

No. 23-13200, *City of Brunswick v. The Georgia Power Company*

## CERTIFICATE OF INTERESTED PARTIES AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(1), Defendant-Appellant Honeywell International Inc., through undersigned counsel, hereby submit this Certificate of Interested Persons and Corporate Disclosure Statement.

Set forth below is a list of all persons and entities known to Honeywell International Inc. that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10 percent or more of a party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for Appellant The Georgia Power Company

- Arnold & Porter Kaye Scholer LLP, law firm representing Appellant Honeywell International Inc.

- Balch and Bingham LLP, law firm representing Appellant The Georgia Power Company

- Bell, John C., Jr., counsel for Appellee City of Brunswick

- Birkel, Charles, counsel for Appellant Honeywell International Inc.

- Brewton, Benjamin H., counsel for Appellant The Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International Inc.

- City of Brunswick, Appellee

No. 23-13200, *City of Brunswick v. The Georgia Power Company*

- Corry, Brian D., counsel for Appellee City of Brunswick

- Fayne, Zachary, counsel for Appellant Honeywell International Inc.

- The Georgia Power Company, Appellant

- Gilbert Harrell Sumerford & Martin, P.C., law firm representing Appellant Honeywell International Inc.

- Hall, J. Randal, Chief Judge, United States District Court for the Southern District of Georgia

- Honeywell International Inc. (NASDAQ: HON), Appellant

- Israel, Brian D., counsel for Appellant Honeywell International Inc.

- Jackson, Robert B. IV, counsel for Appellee City of Brunswick

- Mirski, Sean A., counsel for Appellant Honeywell International Inc.

- Talbert, Jeffrey D., counsel for Appellant Honeywell International Inc.

- Theodore, Elisabeth S., counsel for Appellant Honeywell International Inc.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*

## APPELLANT HONEYWELL INTERNATIONAL INC.'S RESPONSE TO APPELLEE'S MOTION TO DISMISS

The City of Brunswick seeks to dismiss this appeal because—at the City's insistence and over Defendants' objections—Defendants Honeywell International Inc. and The Georgia Power Company were forced to litigate in state court after the district court erroneously remanded their case. According to the City, that means that Defendants "waived their right to proceed in federal district court." Mot. 1.

The City's argument mischaracterizes the record and misunderstands the governing law. Defendants removed this case before filing any substantive motions in state court. After the district court remanded to state court, Defendants simultaneously appealed that remand decision to this Court and moved to stay state court proceedings pending resolution of this appeal, urging the state court not to make any substantive decisions until the federal jurisdiction question was resolved. The City, however, moved to lift that stay, and over Defendants' objections, it succeeded: the state court ordered the parties to proceed with litigating the case while this appeal continued. As a result, Defendants were compelled by state-law rules and deadlines to file responsive pleadings, including motions to dismiss. Defendants did not waive their right to continue this appeal by engaging in litigation at the state court's direction.

## BACKGROUND

On October 20, 2022, the City filed this lawsuit against Defendants in the Superior Court of Glynn County in Georgia. On November 18, 2022, before making any substantive filings, Defendants timely removed the case to the Southern District of Georgia. The City moved to remand the case back to state court, and on September 1, 2023, the district court granted that motion. *City of Brunswick by & through Mayor v. Honeywell Int'l, Inc.*, No. 2:22-cv-132, 2023 WL 5671290, at *1 (S.D. Ga. Sept. 1, 2023).

Over the next month, there were two developments relevant to the City's present motion. First, on September 25 and 26, 2023, Georgia Power and Honeywell respectively appealed the district court's decision to this Court under 28 U.S.C. § 1447(d); that appeal has been fully briefed and is scheduled to be argued less than a month from now, on December 16, 2024.

Second, on September 26, 2023, Defendants jointly moved the state court to stay all proceedings pending the outcome of this appeal. *See* Defs.' Joint Mot. to Stay Proceedings Pending Appeal (attached as **Exhibit A**). As Defendants explained in that motion, their overriding concern was "judicial economy and efficiency": "if litigation were allowed to proceed in [state court] and jurisdiction is ultimately vested in the District Court by the Eleventh Circuit," then "[a] significant waste of judicial resources would occur" because "every action taken by [the state court]

2

while Defendants' appeal is pending would have to be voided and undone, and litigation would have to begin anew in the District Court." *Id.* at 2. Defendants were clear: "Litigation should not proceed in [state court] until the question whether it should proceed in the District Court instead is finally resolved." *Id.*

On October 3, 2023, the Georgia state court granted Defendants' motion and stayed the case "pending resolution of Defendants' appeals to the Eleventh Circuit regarding jurisdiction." *See* Order Granting Joint Mot. to Stay Proceedings Pending Appeal at 1 (attached as **Exhibit B**). In its order, the court agreed with Defendants that a stay was "appropriate in the interest of judicial economy while the matter of jurisdiction is under review by the Eleventh Circuit." *Id.*

The City took a different view. On October 18, 2023, the City "strongly oppose[d] the stay" and moved to withdraw the court's order staying proceedings "as improvidently granted." Pl.'s Mot. to Withdraw the Court's Order Staying Proceedings & Br. in Supp. at 1 (attached as **Exhibit C**). On November 17, 2023, Defendants opposed the City's motion, defended the existing stay, and reiterated the need to "avoid[] duplicative litigation." Defs.' Joint Resp. Br. in Opp'n to Pl.'s Mot. to Withdraw the Court's Order Staying Proceedings at 2 (attached as **Exhibit D**). Defendants reiterated that "[j]urisdiction over the subject matter of this action is a threshold issue which should be decided before any substantive decision on the merits." *Id.* at 4.

On April 29, 2024, the Georgia state court held a hearing on the City's motion to withdraw the stay, and that same day, it granted the motion over Defendants' continued opposition. *See* Order Granting Pl.'s Mot. to Withdraw Order Staying Disc. at 1 (attached as **Exhibit E**).

On May 2, 2024 the parties entered into a stipulation extending the 30-day deadline for Defendants to respond to the complaint to June 3, 2024, *see* **Exhibit F**; O.C.G.A. §§ 9-11-6(b), 9-11-12(a), and Honeywell accordingly filed its motion to dismiss and motion for more definite statements on that date, *see* Georgia State Court Docket at 3 (attached as **Exhibit G**). Defendants subsequently litigated those motions and then responded to the City's First Amended Complaint at the state court's direction. After the City filed its Second Amended Complaint (less than 30 days after filing the First Amended Complaint), Honeywell filed no substantive response but removed again on the basis of changes in that complaint. *See* 28 U.S.C. § 1446(b)(3).

## ARGUMENT

The City now argues that Defendants—forced by the City to litigate in state court over their objections—have not only waived their right to remove this case but have also deprived this Court of subject-matter jurisdiction. That argument is as wrong as it sounds, and it is belied by caselaw and common sense alike.

*First*, "any waiver of the statutory removal right must be clear and unequivocal." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3721 (4th ed. 2024). This Court has specifically held that defendants can waive their right to remove only by taking "some substantial offensive or defensive action in the state court action indicating a *willingness* to litigate in that tribunal before filing a notice of removal with the federal court." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (citation omitted) (emphasis added). But there is no willingness—and thus no waiver—"when the defendant's participation in the state action . . . was dictated by the rules of that court." *Id.* For example, where state law "requires a state court defendant to file responsive pleadings" prior to the deadline for removal, filing a motion to dismiss "does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Id.* (citation and internal quotation marks omitted); *see, e.g.*, *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1099 (10th Cir. 2017) ("We will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation.").

That principle settles the City's motion. Defendants removed *before* filing any dispositive motions, not after. And after the district court's remand, Defendants did everything in their power to avoid the need to file responsive pleadings in state court until this appeal was resolved. Defendants immediately moved for a stay of

state court proceedings pending resolution of this appeal and fought against the City's efforts to overturn that stay. Only when the City prevailed in overturning the stay did Defendants—at that point "require[d]" by state law "to file responsive pleadings," including any motion to dismiss—participate in the state-court proceedings by filing a motion to dismiss.

The City is thus simply wrong when it represents to this Court that "Honeywell and Georgia Power have been seeking resolution in their favor in the Superior Court of Glynn County since the Order of the United States District Court of September 1, 2023, that remanded this case to that court." Mot. 1. Just the opposite: since the order remanding this case, Defendants have continually argued for a stay of proceedings and demonstrated no "willingness" to litigate in state court beyond the deadlines and requirements set by that court. Indeed, Defendants specifically advised the state court that it should *not* resolve any issues in anyone's favor and should maintain the stay because the appeal—and the question of whether the federal or state court should be overseeing this case—"should be decided *before any substantive decision on the merits*." Exhibit D at 4 (emphasis added).

*Second*, the City is wrong to the extent it is claiming that Defendants waived their right to remove because they could simply have chosen not to file a motion to dismiss. Defendants filed a motion to dismiss because the state court lifted the stay and Defendants' responsive pleadings became due. This Court has already held that

such circumstances do not, in and of themselves, "constitute a waiver of the defendant's right to proceed in the federal forum." *Yusefzadeh*, 365 F.3d at 1246. The City cites no authority for the proposition that defendants, in order to preserve their right to remove or to appeal a denial of removal, must waive their right to file a motion to dismiss (or vice versa). And it makes no difference that Defendants may have been able to prevail on the same substantive defenses at a later stage of the case. Even if true, that would still have required Defendants to waive their right under state law to have the City's case dismissed at the threshold.

For similar reasons, the City is wrong when it claims Defendants should have "request[ed] the [state] court to stay consideration of their respective motions [to dismiss]." Mot. 2. Defendants *did* request a stay from the state court: a stay of the whole case, including motions to dismiss, precisely on the ground that substantive motions should not be decided. Once that stay was lifted, Defendants did not "waive" their ongoing remand appeal by failing to go back *again* and ask the court whether it really meant for motions to dismiss to go forward. Nor would the City's proposal have made any sense. If the state court had "stayed" only the motions to dismiss but not the rest of the case, the City would have been allowed to proceed with discovery in state court even as Defendants would have been required to waive or defer the procedural rights and protections to which they are entitled. *See* O.C.G.A. § 9-11-12(j)(1) (staying discovery during pending motion to dismiss). The

7

City cites no case supporting that kind of one-sided outcome or suggesting that a litigant could waive an ongoing remand appeal on the basis of such circumstances.

*Third*, none of the City's cases are relevant because each involves actions taken by defendants *before* they removed a case to federal district court or *during* the federal district court's consideration of remand. *See, e.g.*, *Banks v. Hous. Auth. of DeKalb Cnty.*, 32 F. Supp. 3d 1296, 1299 (N.D. Ga. 2014); *Direct Mortg. Corp. v. Keirtec, Inc.*, 478 F. Supp. 2d 1339, 1342 (D. Utah 2007); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1124–25 (D.N.M. 1998).

Crucial to every one of those decisions is the presence of choice: in each, defendants provided a "clear and unequivocal" waiver by *choosing* to litigate in a state forum when they still had the option of proceeding in a federal one. Here, by contrast, Defendants had no choice: after remand and after the state court withdrew its stay of state-court proceedings at the City's insistence, Defendants were compelled to litigate in the state court regardless of the status of this appeal. Simply put, cases about pre-removal waiver have no direct application to cases like this one.

Indeed, the Ninth Circuit has rejected a similar argument for dismissal of an appeal based on state-court filings *after* remand, explaining that the movant had "cite[d] no authority extending this waiver principle to the *appeal* of a remand order." *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 973 (9th Cir. 2011) (emphasis in original). If the waiver principle extended to that context at all, the

Ninth Circuit held, the motion would fail because there was "no evidence that [the removing parties] intended to waive their right to appeal the district court's [remand] order." *Id.* Instead, the removing parties "merely sought to preserve their claims in state court pending the outcome of this appeal" while still "indicat[ing] at every step of the way that they intended to pursue the appeal." *Id.* So too here. Defendants have consistently indicated to all courts—state and federal—that they intend to pursue the instant appeal, and all of their actions in state court have served only to preserve their defenses while obeying state-court rules and orders.

Any rule permitting a finding of "waiver" in this circumstance, moreover, is contrary to 28 U.S.C. § 1447(d), which states that an order remanding a case to a state court from which it was removed pursuant to § 1442 "shall be reviewable by appeal." 28 U.S.C. § 1447(d). That right would be largely meaningless if a state court could destroy the right to appeal simply by denying a stay and requiring litigants to proceed in state court while the appeal is pending.

*Finally*, the City also fails to explain why any "waiver" would deprive this Court of subject-matter jurisdiction. *See* Doc. 59; Doc. 60 (describing the motion as a "MOTION to dismiss appeal for lack of subject matter jurisdiction"). It plainly does not: jurisdiction is assessed at the time of removal, *see Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007), and the City does not claim that any action taken by Defendants at that time constituted a waiver, *see Cogdell v.*

*Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004) ("[W]aiver does not divest the court of *subject matter* jurisdiction [of a removed case]." (emphasis in original)).  Even the appellate cases the City cites in its motion ultimately involved review of the underlying remand decisions rather than decisions to dismiss the relevant appeals for lack of jurisdiction.  *See id.* (explaining that the bar on appellate review under 28 U.S.C. § 1447(d) "does not preclude us from reviewing [a] district court's remand order" based on a finding of waiver in the state court).

This Court should deny the City's motion to dismiss this appeal for lack of subject-matter jurisdiction.

Dated: November 22, 2024

Respectfully submitted,

*/s/ Elisabeth S. Theodore*

Mark D. Johnson
Amber M. Carter
GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.
777 Gloucester St., Ste. 200
Brunswick, GA 31520
Telephone: (912) 265-6700
Fax: (912) 264-0244
mjohnson@ghsmlaw.com

Elisabeth S. Theodore
Sean A. Mirski
Charles Birkel
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com
sean.mirski@arnoldporter.com
charlie.birkel@arnoldporter.com

Jeffrey D. Talbert
ARNOLD & PORTER KAYE
SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Telephone: (207) 233-3463
Fax: (212) 836-8689
jeff.talbert@arnoldporter.com

Zachary Fayne
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center, 10th Fl.
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Fax: (415) 471-3400
zachary.fayne@arnoldporter.com

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and 32(g)(1), the undersigned counsel for Defendant-Appellant Honeywell International Inc. certifies the following:

1.    This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 3,079 words, excluding the parts of the response exempted by Fed. R. App. P. 27(d)(2).

2.    This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared using Microsoft Word and is set in Times New Roman font in a size equivalent to 14 points or larger.


*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was filed electronically on November 22, 2024 and will therefore be served electronically upon all counsel.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Defendant-Appellant
Honeywell International Inc.*

# Exhibit A

FILED - JL
GLYNN CO. CLERK'S OFFICE
Filed 9/26/2023 1:02 PM
Accepted 9/26/2023 3:23 PM
CASE # CE22-01086

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by and through
its MAYOR AND BOARD OF
COMMISSIONERS,

     Plaintiff,

v.

HONEYWELL INTERNATIONAL, INC.,
f/k/a ALLIED CHEMICAL
CORPORATION and as ALLIEDSIGNAL,
INC., and THE GEORGIA POWER
COMPANY,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO. <u>CE22-01086</u>

### DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL

    Defendant HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL

CORPORATION and as ALLIEDSIGNAL, INC. (hereafter, "Honeywell") and Defendant THE

GEORGIA POWER COMPANY (hereafter, "Georgia Power") (hereafter cumulatively,

"Defendants") hereby file this Joint Motion to Stay Proceedings Pending Appeal of the United

States District Court for the Southern District of Georgia's Order granting the Motion to Remand

filed by Plaintiff, CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF

COMMISSIONERS (hereafter, the "City") (hereafter, "Remand Order").

### INTRODUCTION AND PROCEDURAL HISTORY

    The City filed the instant action on October 20, 2022 in the Superior  Court  of  Glynn

County.  Defendants timely filed their Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332,

1441, 1442(a), and 1446 on November 18, 2022.  The action was removed to the United States

District Court for the Southern District of Georgia and placed on the docket of Chief Judge Randal

Hall (No. CV 222-132, hereafter the "District Court Action").  On December 19, 2022, the City

filed a Motion to Remand the District Court Action to this Court.  Responsive briefing was filed

by Defendants who also moved the District Court for oral argument on the Motion to Remand.

On September 1, 2023, Judge Hall issued the Remand Order.[1]  Georgia Power filed a

Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit on September 25,

2023 and Honeywell filed a similar Notice on September 26, 2023, seeking review of the Remand

Order pursuant to 28 U.S.C. § 1447(d) and the United States Supreme Court decision in BP P.L.C.

v. Mayor & City Council of Baltimore, 141 S. Ct. 1532, 1538, 209 L. Ed. 2d 631 (2021).

In the interest of judicial economy and efficiency, Defendants request a stay of the instant

matter pending resolution of their appeal before the Eleventh Circuit.[2]  A significant waste of

judicial resources would occur if litigation were allowed to proceed in this Court and jurisdiction

is ultimately vested in the District Court by the Eleventh Circuit – every action taken by this Court

while Defendants' appeal is pending would have to be voided and undone, and litigation would

have to begin anew in the District Court.  Litigation should not proceed in this Court until the

question whether it should proceed in the District Court instead is finally resolved. Accordingly,

the Court should stay all proceedings in this action, including all discovery, pending the resolution

of Defendants' appeal of the Remand Order.

## ARGUMENT AND CITATION TO AUTHORITY

A stay of proceedings is proper under Georgia law and within this Court's discretion.  It is

well settled that a trial court is vested with wide discretion in managing and controlling the

disposition of the cases on its docket with economy of time and effort for itself, for counsel, and

---

[1] The Remand Order was filed with this Court and served on all parties on September 6, 2023.
[2] Pursuant to a Consent Order granting an extension of time for response, neither Defendant has filed an answer or other responsive pleading in this action or in the District Court Action. Additionally, the City served discovery on Defendants along with the Complaint, responses to which would be due during the pendency of the Eleventh Circuit appeal.

for litigants. See, e.g., Bloomfield v. Ligget & Meyers, Inc., 230 Ga. 484, 485, 198 S.E.2d 144, 145 (1973); Sheppard v. Johnson, 255 Ga. App. 165, 165, 564 S.E.2d 729, 730 (2002); see also O.C.G.A. § 9-11-26(c) (authorizing a court to grant protective orders staying discovery in order to protect the litigants from "annoyance, embarrassment, oppression, or undue burden or expense").

The Georgia Supreme Court has long recognized the importance of final appellate determination of certain issues before the parties incur potentially unnecessary expenses of litigation.  In Bloomfield, the Court affirmed the superior court's stay of proceedings while a federal court decided a similar case, as the stay "effectuat[ed] the desirable general policy of both state and Federal Courts to avoid multiplicity of suits." Bloomfield, 230 Ga. at 485, 198 S.E.2d at 145.

> A trial judge's decision on a motion to stay judicial proceedings pending [appeal] is a decision with significant consequences. If the stay of judicial proceedings is incorrectly denied, the parties must proceed with [discovery and] a trial and [potentially] a jury verdict which will be overturned on appeal because the parties should have had their dispute decided [in a different forum]. The parties must then go to the expense of having a new determination made [in the proper forum]. This procedure not only wastes the parties' time and money but is an unnecessary burden on an already overworked judiciary.

Phillips Construction Co. v. Cowart Iron Works, Inc., 250 Ga. 488, 489, 299 S.E.2d 538, 559 (1983).  While Phillips Construction addressed the propriety of a stay in the context of appellate review of an arbitration decision, the Court's same judicial efficiency concerns apply equally to the threshold jurisdictional issues in this case that, if reversed on appeal, will nullify all discovery and judicial proceedings in this Court.  If the Remand Order is reversed on appeal, discovery in this case would "only waste[] the parties' time and money," and additional judicial proceedings would be "an unnecessary burden on an already overworked judiciary."  Id.

The instant matter is similarly situated.  The District Court Action is unquestionably related to the matter before this Court; the Eleventh Circuit will determine whether the City's claims

implicate federal jurisdiction or if they belong before this Court.  Like in <u>Bloomfield</u> and <u>Phillips</u> <u>Construction</u>, the outcome of Defendants' appeal of the Remand Order determines the fate of the instant matter.  A stay is appropriate to prevent litigating the same matter in two courts.

The United States Supreme Court has expressly broadened availability of appeals of remand orders.  <u>See</u> <u>BP P.L.C. v. Mayor & City Council of Baltimore</u>, 141 S. Ct. 1532, 1538, 209 L. Ed. 2d 631 (2021).  Pursuant to the <u>BP</u> opinion, every ground on which Defendants sought removal is ripe for appeal by the Eleventh Circuit.  <u>Id</u>.  It is, therefore, within Defendants' rights to appeal the Remand Order on every ground supporting removal that the District Court rejected.  Defendants should not be punished for exercising their appellate rights by being forced to litigate the merits of the City's claims under a posture of questionable jurisdiction.  Any progress in litigation in this Court will be nullified if the Remand Order is reversed on appeal.  <u>See</u> <u>Phillips</u> <u>Construction Co.</u>, 250 Ga. at 489.

While the burdens on the Court and the parties of litigating in this Court pending appeal are apparent, as discussed above, there is no prejudice posed by the relatively short delay necessary to resolve whether this case is properly before this Court at all.  The uncertainty of actions taken in the instant matter will hang over every decision Defendants make in defending against the City's claims.  In contrast, should the Remand Order be upheld, a stay in this matter will not unfairly prejudice the City in any way, as the stay can be immediately lifted and this Court can proceed with this matter accordingly.  Given the significance of the questions the Eleventh Circuit is being asked to consider and their potentially dispositive effect on litigation in this Court, a stay of this action is warranted.

## **CONCLUSION**

Defendants have the legal right to appeal the Remand Order and have done so according to both statutory requirements and case law precedent.  The City will not be harmed by a brief stay pending the Eleventh Circuit review of jurisdiction over this matter.  If a stay is not issued, however, and the Eleventh Circuit reverses the Remand Order, Defendants and this Court will be harmed in having had to litigate a case that never should have been before this Court.  Both consistency and economy will be served by staying all proceedings pending the Eleventh Circuit's resolution of Defendants' appeal.  Defendants attach hereto a Proposed Order as Exhibit "A" for consideration by the Court.

Respectfully submitted, this 26th day of September, 2023.

*/s/ Mark D. Johnson*
Mark D. Johnson
Georgia Bar No. 395041
Amber M. Carter
Georgia Bar No. 631646
mjohnson@ghsmlaw.com
acarter@ghsmlaw.com
**Gilbert Harrell Sumerford & Martin, P.C.**
Post Office Box 190
Brunswick, Georgia 31521-0190
P:  (912) 265-6700
F:  (912) 264-0244

*Attorneys for Honeywell International, Inc.*
*f/k/a Allied Chemical Corporation and as*
*AlliedSignal, Inc.*

Benjamin H. Brewton
Georgia Bar No. 002530
Email: bbrewton@balch.com
T. Joshua R. Archer
Georgia Bar No. 021208
Email: jarcher@balch.com

**BALCH & BINGHAM LLP**
801 Broad Street, Suite 800
Augusta, GA 30901
Telephone:      (706) 842-3711
Facsimile:      (866) 258-8984

***Attorneys for The Georgia Power Company***

## CERTIFICATE OF SERVICE

I, Mark D. Johnson, do hereby certify that we have this day served a true and correct copy of the above and foregoing **JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL** by causing a copy of the same to be placed in the United States mail, postage prepaid, to:

<table>
<tr><td>

John C. Bell, Jr.
Pamela S. James
The Bell Firm
P.O. Box 1547
Augusta, GA 30903-1547
john@thebellfirm.net
pam@thebellfirm.net

</td><td>

Robert P. Killian
Killian Law Firm LLC
47 Professional Drive
Brunswick, GA 31520
bob@killianlawfirm.com

</td></tr>
<tr><td>

Brian Donald Corry
McQuigg Smith & Corry
504 Beachview Dr. Ste. 3D
St. Simons Island, GA 31522
brian@msclawga.com

</td><td>

Robert B. Jackson, IV
Robert B. Jackson, IV, LLC
260 Peachtree St., Ste. 2200
Atlanta, GA 30303
Rbj4law@gmail.com

</td></tr>
</table>

*Counsel for Plaintiff*

This 26th day of September, 2023.

/s/ Mark D. Johnson
Mark D. Johnson

# Exhibit B

FILED - VM
GLYNN CO. CLERK'S OFFICE
Filed 10/3/2023 1:47 PM
Accepted 10/3/2023 2:14 PM
CASE # CE22-01086

*Rebecca J. Walden* CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by and through )
its MAYOR AND BOARD OF )
COMMISSIONERS, )
    )
    Plaintiff, )
    )    CIVIL ACTION FILE NO. CE22-01086
v. )
    )
HONEYWELL INTERNATIONAL, INC., )
f/k/a ALLIED CHEMICAL )
CORPORATION and as ALLIEDSIGNAL, )
INC., and THE GEORGIA POWER )
COMPANY, )
    )
    Defendants. )

## ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants jointly filed a Motion to Stay Proceedings Pending Appeal on September 26, 2023 notifying the Court of their appeals to the United States Court of Appeals for the Eleventh Circuit. Having reviewed the Motion and determining a stay appropriate in the interest of judicial economy while the matter of jurisdiction is under review by the Eleventh Circuit, this Court **GRANTS** Defendants' Joint Motion to Stay Proceedings Pending Appeal. It is therefore **ORDERED** that the instant matter is stayed pending resolution of Defendants' appeals to the Eleventh Circuit regarding jurisdiction. The parties are instructed to notify the Court within 30 days of the entry of a final order or judgment in both appeals.

SO ORDERED, this _3rd_ day of _October_, 2023.

Judge Stephen D. Kelley
Brunswick Judicial Circuit

Order prepared by:

*/s/ Mark D. Johnson*                                    
Mark D. Johnson
Georgia Bar No. 395041
Gilbert Harrell Sumerford & Martin, P.C.
Post Office Box 190
Brunswick, Georgia 31521-0190
mjohnson@ghsmlaw.com
P:  (912) 265-6700
F:  (912) 264-0244

*Attorney for Honeywell International, Inc.*
*f/k/a Allied Chemical Corporation and as*
*AlliedSignal, Inc.*

# Exhibit C

FILED - RW
GLYNN CO. CLERK'S OFFICE
Filed 10/18/2023 3:03 PM
Accepted 10/18/2023 4:30 PM
CASE # CE22-01086

CLERK SUPERIOR COURT

# IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by and through )
its MAYOR AND BOARD OF )
COMMISSIONERS, )
)
     Plaintiff, )
)
v. ) Civil Action No.: CE22-01086
)
HONEYWELL INTERNATIONAL, INC., )
f/k/a ALLIED CHEMICAL CORPORATION )
and as ALLIEDSIGNAL, INC., and THE )
GEORGIA POWER COMPANY, )
)
     Defendants. )

## PLAINTIFF'S MOTION TO WITHDRAW THE COURT'S ORDER
## STAYING PROCEEDINGS AND BRIEF IN SUPPORT

COMES NOW the City of Brunswick by and through its Mayor and Board of

Commissioners, and moves the Court to withdraw its Order Staying Discovery entered October 3,

2023, as improvidently granted. In support the City shows:

### Importance of Considering the City's Position

The Order was entered before the City had responded to Defendants' motion. Copy at Tab

A. The City strongly opposes the stay and had so informed Defense Counsel before their motion was

filed. The Order was entered seven days after Defendants filed their motion.

Rule 6.2, Uniform Rules of Superior Courts provides:

> Unless otherwise ordered by the judge or as provided by law, each party opposing a
> motion shall serve and file a response, reply memorandum, affidavits, or other
> responsive material not later than 30 days after service of the motion. Such response
> shall include or be accompanied by citations of supporting authorities and, where
> allegations of unstipulated facts are relied upon, supporting affidavits or citations to
> evidentiary materials of record.

Rule 6.2, Uniform Rules of Superior Courts.

Rule 6.2 deadlines are mandatory. Ruling before the deadline to respond is grounds for reversal. *Pyramid Const. Co., Inc. v. Star Mfg. Co.*, 195 Ga.App. 644 (1990) (reversing an order because it was entered before the time to respond had run).

This Court granted Defendants' motion to stay in reliance upon the Defendants' incorrect representations of the law and Defendants' unsupported, incomplete and conclusory assertions of fact. Defendants' proposed order that this Court entered was misleading. It was entitled by Defendants: "Order Granting Joint Motion to Stay Proceedings Pending Appeal." This title erroneously indicated that all parties were in agreement with the provisions of the order submitted to this Court by Defendants. Benjamin Franklin is often remembered for his observation that a half truth can be a whole lie. By Mr. Franklin's measure, Defendants have misled this Court.

Every court has the power to withdraw any order that it concludes was improvidently entered. *Wood v. Archbold Medical Center, Inc.*, Case No. 7:07-cv-109 (HL), 2009 WL 3253971, * 1 (M.D. Ga., 10/8/2009) ("Furthermore, the Court finds that its March 12 Order (Doc. 155) was likewise improvidently entered and that that order should be, and is hereby, rescinded."); *Ingram v. Lott*, 238 Ga. 513, 514 (1977) (rescinding order improvidently entered); *Moody v. State*, 256 Ga.App. 65, 66 (2002) (affirming decision of trial court to set aside an order that it determined to have been "improvidently entered" in conflict with Georgia law).

### Defendants' Stipulations with Plaintiff

Each Defendant requested that the City consent to a stipulation to allow it additional time to file its answer and respond to discovery. The City agreed. Copies of those stipulations are attached at Tabs B and C. The Defendants failed to advise the Court of these stipulations in their brief, but

instead wrote:

> 2.  Pursuant to a Consent Order granting an extension of time for response, neither Defendant has filed an answer or other responsive pleading in this action or in the District Court Action.  Additionally, the City served discovery on Defendants along with the Complaint, responses to which would be due during the pendency of the Eleventh Circuit appeal.

Defs' Motion to Stay, p. 2, fn. 2.

The stipulations agreed to with both Honeywell and Georgia Power set October 10th as the deadline for Defendants to answer and October 25th as their deadline to respond to the outstanding interrogatories and requests for production of documents served by the City of Brunswick.  Tabs B, C.

## Stays are Strongly Disfavored

Rule One of the Civil Practice Act instructs:

> This chapter shall be construed to secure the just, speedy and inexpensive determination of every action.

O.C.G.A. § 9-11-1.

There are few reported Georgia decisions concerning a motion to stay.  None appear to be factually on point.  *See Austin v. Nagareddy*, 344 Ga.App. 636, 638 (2018).  This is probably because decisions on matters of trial management are rarely subjects of appeal, and Georgia trial court decisions are not reported.  However, there are many reported decisions directly on point that were decided by the federal courts in Georgia.  Our Court of Appeals has repeatedly held:

> Because Georgia's Civil Practice Act is modeled on the Federal Rules of Civil Procedure, decisions of the federal courts interpreting the federal rules are persuasive authority. (citation and punctuation omitted.)  *Synovus Bank v. Peachtree Factory Ctr.*, 331 Ga. App. 628, 630, n.2, 770 S.E.2d 887 (2015).

*Watts v. Brittain*, 362 Ga.App. 93, 98, fn. 3 (2021). *Accord, Global Van Lines, Inc. v. Daniel Moving*

-3-

*& Storage, Inc.*, 159 Ga.App. 124 (1981).

An order to stay proceedings is a form of protective order governed by O.C.G.A. § 9-11-26(c); *Christopher v. State*, 185 Ga.App. 532 (1988). The grant of a protective order that discovery not be allowed to proceed requires the party seeking such a protective order to show good cause.

The federal district courts in Georgia have repeatedly held that the party that seeks a stay of an action or a stay of discovery is the party with the burden of proof.

> "While motions to stay discovery may be granted pursuant to [Federal Rule of Civil Procedure 26(c)], the moving party bears the burden of showing good cause and reasonableness." Id. (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997)).

*U.S. ex rel. Smith v. Serenity Hospice Care, LLC*, Case No. 313-001, 2014 WL 4369063, * 3 (S.D. Ga., 8/28/2014) (motion for stay denied).

> When determining whether to grant a stay of discovery, a court should balance the prejudice occasioned by the delay against the burden of proceeding with discovery. *Felman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

*Principle Solutions Group, LLC v. Ironshore Indemnity, Inc.*, Case No. 1:15-CV-4130-RWS, 2016 WL 9049187, * 1 (N.D. Ga., 3/22/16).

Motions to stay discovery are generally disfavored:

> While motions to stay discovery may be granted pursuant to Rule 26(c), Fed.R.Civ.P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y.1985). **A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.** ***Id.***

*Massey v. Federal Nat. Mortg. Ass'n*, Case No. CV412-102, 2012 WL 3685959. * 1 (S.D. Ga., 8/24/2012) (emphasis added).

> However, courts typically base the stay of discovery on a finding that the dispositive motion could dispose of the entire case or significantly alter the scope of discovery. A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case.

*Clifton v. Jeff Davis County, Georgia*, Case No. 2:16-cv-108, 2017 WL 2604256, * 3 (S.D. Ga., 6/15/2017) (internal marks omitted) (motion for stay denied).

Defendants' appeal of the district court's Order remanding this case to this Court is not a dispositive motion.  The stay was improvidently entered.

"[T]here is no reason to delay fact discovery based on the possibility of the case's transfer to a different forum." *CSX Transportation, Inc. v. United States*, Case No. CV413-208, 2014 WL 11429178, * 1 (S.D. Ga., 5/30/2014) (motion for stay denied).

Conclusory or boilerplate assertions do not support a grant of a stay:

Under that statutory provision, to justify a protective order, one or more of the statutorily enumerated harms must be established through a specific demonstration of fact, as opposed to stereotyped and conclusory statements about, for example, the position in the corporate hierarchy held by the prospective deponent or the size and complexity of the organization. *See Caldwell v. Church*, 341 Ga. App. 852, 861 (4), 802 S.E.2d 835 (2017) ("[M]ere conclusory statements, bereft of facts[,] will not support the imposition of limitations on civil discovery." (citation and punctuation omitted)); *Young v. Jones*, 149 Ga. App. 819, 824 (4), 256 S.E.2d 58 (1979) (**"Good cause for the issuance of a protective order designed to frustrate discovery ... necessarily is not established by stereotyped or conclusional statements, bereft of facts.").**

*General Motors, LLC v. Buchanan*, 313 Ga. 811, 821 (2022) (emphasis added).

Defendants' motion and brief contain nothing but conclusory statements unsupported by case-specific facts. The text of Defendants' brief is pure boilerplate with no mention of the legal and factual issues presented by the City's Complaint.  The Order entered October 3, 2023, should be withdrawn.[1]

### Honeywell's Use of Delay as a Primary Tactic to Avoid Responsibility

Glynn County filed a suit in this Court against Honeywell on June 13, 1995, asserting claims

---

[1]  The City's proposed Order is at Tab E.

for environmental harm.  That case settled over eleven years later, November 16, 2006.  The settlement agreement is attached at Tab D.  Honeywell is a master of delay.

One can expect at least nine months to pass before Defendants' appeal is decided, and it may take much longer.  Defendants can then file for rehearing, followed by a petition for writ of certiorari to the U.S. Supreme Court.  Years will pass.  Many of the key witnesses who worked for Honeywell or Georgia Power have now retired.  It is unreasonable to assume that all will be available and with undiminished  memories once more years have passed.  The prejudice to the City of Brunswick flowing from a stay is substantial.

Justice delayed is indeed justice denied.  *Ferber v. Fairfield Greenwich Group*, 958 N.Y.S.2d 60, 63 (2010 (vacating stay); *Winicki v. Mallard*, 417 So.2d 742, 743 (Fl. 1st D.C.A. 1982) (reversing stay entered by the trial court).  Even an unnecessary delay of one day can be a denial of justice. *Newton v. Freeman*, 353, Ga.App. 704, 708 (2020).

### *Bloomfield* **Misquoted**

The legal scholarship of Defendants' brief is wanting.

Defendants cite *Bloomfield v. Ligget & Meyers, Inc.*, 230 Ga. 484 (1973), as its source for this statement, presented in quotation marks:

> "the Court affirmed the superior court's stay of proceedings while a federal court decided a similar case, as the stay 'effectuat[ed] the desirable general policy of both state and Federal Courts to avoid multiplicity of suits.' Bloomfield, 230 Ga. at 485."

Defs' Motion to Stay, p 3.

This language, in quotation marks in Defendants' brief, does not appear anywhere in *Bloomfield*. The *Bloomfield* decision does not support a stay and is misquoted by Defendants. Specifically, the following words do not even appear in the *Bloomfield* opinion: "effectuated,"

"desirable," "avoid," "multiplicity," or "suits." The only time the word "general" is used in the opinion is in a reference to citations: "In general, see 1 Am.Jur.2d 621, Actions, § 92 et seq.; 1 C.J.S. Actions § 131 p. 1405, et seq.; annotations, 19 A.L.R.3d 301, 56 A.L.R.2d 335." *Bloomfield*, at 484.

Further, the federal case addressed by the Court of Appeals in *Bloomfield* is not relevant. The defendants in the Georgia case had earlier filed a lawsuit in a New York federal court against the person who was the plaintiff in the Georgia case. The Georgia plaintiff had a compulsory counterclaim that should have been filed in the New York case. Instead, he filed a new suit in Georgia for the claim that should have been asserted as a compulsory counterclaim in the New York case. The stay was appropriate in that case, as the Georgia action was a case filed while there was a prior pending action addressing the same dispute between the same parties. *See,* O.C.G.A. § 9-2-5(a). *Sadi Holdings, LLC v. Lib Properties, Ltd.*, 293 Ga.App. 23, 24 (2008)

Defendants' reliance on *Bloomfield,* as rewritten by Defendants, evidences the lack of controlling relevant authority supportive of their motion.

Words that Defendants claim to have been taken from *Phillips Const. Co. v. Cowart Iron Works, Inc.*, 250 Ga. 488, 489 were presented as a quotation from *Phillips*:

> A trial judge's decision on a motion to stay judicial proceedings pending **[appeal]** is a decision with significant consequences. If the stay of judicial proceedings is incorrectly denied, the parties must proceed with **[discovery and]** a trial and **[potentially]** a jury verdict which will be overturned on appeal because the parties should have had their dispute decided **[in a different forum]**. The parties must then go to the expense of having a new determination made [in the proper forum].This procedure not only wastes the parties' time and money but is an unnecessary burden on an already overworked judiciary.

Defs' Motion to Stay, p. 3.

The correct words of the Supreme Court opinion are these:

A trial judge's decision on a motion to stay judicial proceedings pending **arbitration** is a decision with significant consequences. If the stay of judicial proceedings is incorrectly denied, the parties must proceed with a trial and a jury verdict which will be overturned on appeal because the parties should have had their dispute decided by arbitration. The parties must then go to the expense of having a new determination made **by arbitration.** This procedure not only wastes the parties' time and money but is an unnecessary burden on an already overworked judiciary. A similar untoward result obtains where judicial proceedings are incorrectly stayed initially. The parties must proceed to arbitration, appeal following arbitration, and then go to trial before a jury. These results and adverse consequences make it desirable to allow the parties to appeal the initial determination immediately.

Defendants' rewritten quotation allegedly from *Phillips* does not even rise to Mr. Franklin's "half truth."

The *Phillips* case does not use the words *discovery, interrogatories, request for production or subpoena.* Yet on page three of their brief, Defendants cite *Phillips* as their authority for Defendants' assertion that "If the remand order is reversed on appeal, discovery in this case would 'only waste[] the parties time and money,' and additional judicial proceedings would be 'an unnecessary burden on an already overworked judiciary.'" Defs' Motion to Stay, p. 3.  Any discovery done in this Court will be available for use in the unlikely event the order remanding the case is reversed and the case is sent back to federal court for trial. Discovery should proceed whether the case is sent to the district court or this Court.

### The Stay in this Case Does Not Create Judicial Economy
### Nor Save the Parties from Unusable Discovery

The appeal to the Eleventh Circuit does not raise a dispositive issue.  The only thing the Eleventh Circuit will decide is whether this case will be tried in the district  court or in this Court.

The City of Brunswick asserts that Defendants have sought a stay as part of their ongoing efforts to delay, delay, delay. If that is not the reason, Defendants can easily prove it by entering into a stipulation that all discovery taken while this case is in this Court can be used should the remand order be reversed, though such a stipulation is not necessary to make all depositions taken, all documents produced and all verified interrogatory answers fully usable in any court.

It is disingenuous for Defendants to argue that *Phillips* supports Defendants' position that "any progress in litigation in this Court will be nullified if the Remand Order is reversed on appeal." Defs' Motion to Stay, p. 4.  Discovery conducted in this Court could be used in the district court. Now that the case has been remanded, the City has the right to proceed with  discovery.  The City suffers actual harm by delay of discovery.

Rule 32(a)(8) of the Federal Rules of Civil Procedure states:

(a)(8) Deposition Taken in an Earlier Action.

A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

Rule 32(a)(8), Fed.R.Civ.P.

Depositions and expert reports used in other cases in which the parties are not the same can be used at trial. *Muhammad v. Crews*, Case No. 4:14CV379-MW/GRJ, 2016 WL 336051 (N.D. Fla., 6/15/2016). *Accord, Walker v Blitz, USA, Inc.*, Case No. 1:08-CV-121-ODE, 2009 WL 10669635 (N.D. Ga., 2/24/2009) (depositions taken in cases in which the plaintiff was not a party but having the same defendant admitted into evidence).  Whether this case is eventually removed again to federal court, does not make its time in this Court an "earlier action."  It is the same action based

upon the same complaint.  It is not a new lawsuit.  If depositions from an earlier state or federal action may be used in a later case, then certainly depositions taken in this Court can be used in the same case if removed to federal court.  Good cause for a stay has not been established by Defendants. It does not exist.

## CONCLUSION

The Order staying this action should be withdrawn as improvidently entered.  Discovery should proceed.

Respectfully submitted,

  *s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net
Pam@bellfirm.net

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA   31520
(912) 263-9520
bob@killianlawfirm.com

Brian Donald Corry (Ga. Bar No. 165557)
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **PLAINTIFF'S MOTION TO WITHDRAW THE COURT'S ORDER STAYING PROCEEDINGS AND BRIEF IN SUPPORT,** upon all counsel of record by electronic mail as follows:

Mark D. Johnson, Esq. {*mjohnson@gilbertharrelllaw.com*}
Amber M. Carter, Esq. {*acarter@gilbertharrelllaw.com*}
Gilbert, Harrell, Sumerford & Martin, P.C.
777 Gloucester Street - Suite 200
Brunswick, Georgia  31520

Benjamin H. Brewton, Esq. {*bbrewton@balch.com*}
T. Joshua R. Archer, Esq. {*jarcher@balch.com*}
Balch & Bingham LLP
801 Broad Street - Suite 800
Augusta, Georgia  30901

This 18th day of October, 2023.

   _s/ John C. Bell, Jr._
John C. Bell, Jr.
Counsel for Plaintiff

# Tab A

FILED - VM
GLYNN CO. CLERK'S OFFICE
Filed 10/3/2023 1:47 PM
Accepted 10/3/2023 2:14 PM
CASE # CE22-01086

_Rebecca J. Walden_
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. <u>CE22-01086</u> |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and THE GEORGIA POWER COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL

Defendants jointly filed a Motion to Stay Proceedings Pending Appeal on September 26, 2023 notifying the Court of their appeals to the United States Court of Appeals for the Eleventh Circuit. Having reviewed the Motion and determining a stay appropriate in the interest of judicial economy while the matter of jurisdiction is under review by the Eleventh Circuit, this Court **GRANTS** Defendants' Joint Motion to Stay Proceedings Pending Appeal. It is therefore **ORDERED** that the instant matter is stayed pending resolution of Defendants' appeals to the Eleventh Circuit regarding jurisdiction. The parties are instructed to notify the Court within 30 days of the entry of a final order on judgment in both appeals.

SO ORDERED, this _3rd_ day of _October_, 2023.

_Judge Stephen D. Kelley_
Judge Stephen D. Kelley
Brunswick Judicial Circuit

Order prepared by:

*/s/ Mark D. Johnson*
Mark D. Johnson
Georgia Bar No. 395041
Gilbert Harrell Sumerford & Martin, P.C.
Post Office Box 190
Brunswick, Georgia 31521-0190
mjohnson@ghsmlaw.com
P: (912) 265-6700
F: (912) 264-0244

*Attorney for Honeywell International, Inc.*
*f/k/a Allied Chemical Corporation and as*
*AlliedSignal, Inc.*

Tab B

FILED - SH
GLYNN CO. CLERK'S OFFICE
Filed 9/22/2023 9:40 AM
Accepted 9/22/2023 10:11 AM
CASE # CE22-01086

*Ronald M Adams*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. <u>CE22-01086</u> |
| v. | ) ) | |
| HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and THE GEORGIA POWER COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### <u>STIPULATION REGARDING TIME FOR DEFENDANT HONEYWELL INTERNATIONAL, INC. TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY REQUESTS</u>

Defendant HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL

CORPORATION and as ALLIEDSIGNAL, INC. (hereafter, "Honeywell") and Plaintiff, CITY

OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS

(hereafter, the "City") file the following stipulations pursuant to O.C.G.A. § 9-11-6:

1. The time for Honeywell to Answer or otherwise Respond to Plaintiff's Complaint is

   **October 10, 2023** and;

2. The time for Honeywell's Responses to Plaintiff's First Interrogatories and Request for

   Production of Documents is extended through and including **October 25, 2023**.

So stipulated this *22nd* day of September, 2023.

/s/ *John C. Bell*                              /s/ *Mark D. Johnson*

John C. Bell, Jr. (Ga. Bar No. 048600)        Mark D. Johnson (Ga. Bar No. 395041)
Pamela S. James (Ga. Bar No. 389015)          Amber M. Carter (Ga. Bar No. 631649)

Page 1 of 3

THE BELL FIRM
P.O. Box 1547
Augusta, Georgia 30907

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, Georgia 31520

Brian D. Corry (Ga. Bar No. 165557)
MCQUIGG SMITH & CORRY
504 Beachview Drive
Suite 3D
St. Simons Island, Georgia 31522

*Attorneys for Plaintiff*

GILBERT HARRELL SUMERFORD &
MARTIN, P.C.
Post Office Box 190
Brunswick, Georgia 31521-0190

*Attorneys for Defendant Honeywell
International, Inc. f/k/a Allied Chemical
Corporation and as AlliedSignal, Inc..*

## CERTIFICATE OF SERVICE

I, Mark D. Johnson, do hereby certify that we have this day served a true and correct copy of the above and foregoing **STIPULATION REGARDING TIME FOR DEFENDANT HONEYWELL INTERNATIONAL, INC. TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY REQUESTS** by causing a copy of the same to be placed in the United States mail, postage prepaid, to:

John C. Bell, Jr.
Pamela S. James
The Bell Firm
P.O. Box 1547
Augusta, GA 30903-1547
john@thebellfirm.net
pam@thebellfirm.net

Robert P. Killian
Killian Law Firm LLC
47 Professional Drive
Brunswick, GA 31520
bob@killianlawfirm.com

Brian Donald Corry
McQuigg Smith & Corry
504 Beachview Dr. Ste. 3D
St. Simons Island, GA 31522
brian@msclawga.com

*Counsel for Plaintiff*

Benjamin H. Brewton
T. Joshua R. Archer
Balch & Bingham LLP
801 Broad Street, Suite 800
Augusta, Georgia 30901
bbrewton@balch.com
jarcher@balch.com

*Counsel for Defendant The Georgia Power Company*

This 22nd day of September, 2023.

/s/ Mark D. Johnson
Mark D. Johnson

Tab C

FILED - SH
GLYNN CO. CLERK'S OFFICE
Filed 9/19/2023 9:07 AM
Accepted 9/19/2023 11:35 AM
CASE # CE22-01086

CLERK SUPERIOR COURT

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

CITY OF BRUNSWICK, by                    )
and through its MAYOR AND BOARD          )
OF COMMISSIONERS,                        )
                                         )
          Plaintiff,                     )
                                         )      CIVIL ACTION FILE NO.:
v.                                       )      CE22-01086
                                         )
HONEYWELL INTERNATIONAL, INC.            )
f/k/a ALLIED CHEMICAL CORPORATION        )
and as ALLIEDSIGNAL, INC., and THE       )
GEORGIA POWER COMPANY,                   )
                                         )
          Defendants.                    )
                                         )

## STIPULATION REGARDING TIME FOR DEFENDANT GEORGIA POWER COMPANY TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY REQUESTS

Defendant Georgia Power Company ("Georgia Power") and Plaintiff City of Brunswick, by and through its Mayor and Board of Commissioners ("Plaintiff") file the following stipulations pursuant to O.C.G.A. § 9-11-6:

1.     The time for Georgia Power to Answer or otherwise Respond to Plaintiff's Complaint is **October 10, 2023** and;

2.     The time for Georgia Power's to Responses to Plaintiff's First Interrogatories and Request for Production of Documents is extended through and including **October 25, 2023**.

So stipulated this 18th day of September 2023.

/s/                                          /s/

John C. Bell, Jr. (Ga. Bar No. 048600)       Benjamin H. Brewton (Ga. Bar No. 002530)
Pamela S. James (Ga. Bar No. 389015)         T. Joshua R. Archer (Ga. Bar No. 021208)
THE BELL FIRM                                Balch & Bingham LLP
P.O. Box 1547                                801 Broad Street, Suite 800
Augusta, GA 30903                            Augusta, Georgia 30901
                                             P: (706)842-3711
                                             F: (866)258-8984
Robert P. Killian (Ga. Bar No. 417575)       bbrewton@balch.com
KILLIAN LAW FIRM LLC

23216482.1                          1

47 Professional Drive
Brunswick, GA  31520

Brian D. Corry (Ga. Bar No. 165557)
MCQUIGG SMITH & CORRY
504 Beachview Drive
Suite 3D
St. Simons Island, GA  31522

*Attorneys for Plaintiff*

jarcher@balch.com

*Attorneys for Defendant The Georgia Power
Company Corporation and as AlliedSignal, Inc*

2

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the PeachCourt efiling system and service will be perfected upon the following this *19th* day of September, 2023:

John C. Bell, Jr.
Pamela S. James
THE BELL FIRM
P.O. Box 1547
Augusta, GA 30903
Robert P. Killian
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA 31520

Brian D. Corry
MCQUIGG SMITH & CORRY
504 Beachview Drive
Suite 3D
St. Simons Island, GA 31522

Mark D. Johnson
Amber M. Carter
GILBERT HARRELL SUMERFORD &
MARTIN PC
777 Gloucester Street
Suite 200
Brunswick, GA 31520

/s/ _____
Benjamin H. Brewton
*Attorney for Defendant The Georgia Power
Company*

23216482.1

Tab D

## IN THE SUPERIOR COURT OF GLYNN COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| GLYNN COUNTY, GEORGIA, by and through its BOARD OF COMMISSIONERS, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) NO. 95-00745 |
| ALLIEDSIGNAL, INC., now known as HONEYWELL INTERNATIONAL, INC. and formerly known as ALLIED CHEMICAL CORPORATION | ) ) ) ) ) ) |
| Defendant. | ) |

### STIPULATION AND AGREEMENT OF SETTLEMENT

WHEREAS the parties have reached a settlement of this case;

WHEREAS the Plaintiff considers the settlement of this action on the terms set forth herein to be in its best interest and has concluded that in light of the benefits derived from such settlement, and in light of the uncertainty of continuing the litigation, it is desirable to compromise and settle all claims alleged in this action against the Defendant upon the terms and conditions hereinafter set forth;

WHEREAS the Defendant vigorously asserts and maintains that the claims against it in Plaintiff's complaint are without merit, but considers it desirable to settle this action in the manner and upon the terms and conditions hereinafter set forth to avoid further expense, inconvenience and the distraction of burdensome litigation, to end its disputes with Plaintiff so the parties can work together to return the LCP site to productive and beneficial use for the community, and finally to put to rest the claims asserted against it in this action;

WHEREAS mercury is a naturally occurring element that is found throughout the environment, including in soils and marine sediments;

WHEREAS PCBs are man-made chemicals that, due to their widespread use, likewise are found throughout the environment, including in soils and marine sediments;

WHEREAS Glynn County has alleged that some of its properties within the Turtle River estuary are contaminated with potentially harmful levels of mercury and PCBs attributable to Defendant;

WHEREAS Defendant denies these allegations, and has produced documents and expert testimony that:

1. the levels of mercury and PCBs within the class area are within normal background levels;

2. the levels of mercury and PCBs in the Turtle River estuary, outside of the boundaries of the LCP property, are below safe levels prescribed by regulations of the State of Georgia;

3. there are other sources of mercury and PCBs (including Aroclor 1268) in and around the Turtle River estuary;

4. existing real property market data shows no impact on property values for properties within the Turtle River estuary; and

5. existing data shows no decline or impact on usage of County property;

WHEREAS, the results of tests of samples of soil taken on properties of Glynn County have not revealed levels of mercury or PCBs above Georgia HSRA type one soil standards on property outside of the estuarine area; and

WHEREAS, most of the results of tests of samples taken from the estuarine area of the Turtle River show levels of mercury and PCBs below Georgia HSRA type one soil standards.

NOW, THEREFORE, the parties do agree as follows:

1. **MONETARY BENEFITS TO THE PLAINTIFF**

Within thirty (30) business days of the final execution of this agreement by the Parties, the

Defendant shall pay the sum of twenty-five million dollars ($25,000,000) in complete, total and final settlement and satisfaction of all past, present and future claims asserted or that could have been asserted against it in this action, including without limitation, claims for loss in property value and/or rental income, claims for business losses, claims for interference with loss of use and enjoyment of property, claims for equitable relief, claims for clean-up or other remedial action, claims for emotional distress and/or mental anguish, claims for expenses of litigation and claims for punitive damages.  Plaintiff shall look solely to the settlement fund for satisfaction of all such claims against the Defendant.

**2.    NON-MONETARY BENEFITS TO THE PLAINTIFF**

A.    Defendant, at its own expense, will install a groundwater pump and treat system at the LCP site and will pump and treat the groundwater under the site until a pH of 10.5 is achieved. The system will be installed and run with the goal of achieving this pH reduction within three years from the start of the pump and treat operation.

B.    Defendant will share with Plaintiff all sampling data and expert reports regarding the remediation and monitoring of the groundwater under the LCP site.

C.    If EPA later determines that mercury and Aroclor 1268 attributable to Defendant's past operations have migrated from the LCP site and onto Plaintiff's property, and are present on Plaintiff's property at levels the EPA determines pose a risk to public health or the environment and require remediation, Defendant hereby agrees to perform whatever remediation is required by EPA and Plaintiff hereby agrees to cooperate with Defendant if Defendant is required to perform such EPA-required remediation.

**3.    RETURN OF DOCUMENTS**

Upon conclusion of the Acme, North Carolina, litigation, Defendant shall furnish Plaintiff's

counsel with a list of all documents produced by Honeywell by bates stamp number. Within thirty (30) days thereafter, Plaintiff's counsel shall return all copies of all documents of Defendant obtained from the Defendant that are in the possession of Plaintiff's counsel that Defendant produced during the course of this action and all related litigation, including the Acme litigation, and provide Defendant with an affidavit verifying that all such documents have been returned.

**4.    DISMISSAL WITH PREJUDICE AND RELEASE**

Upon final execution of this Agreement, Plaintiff shall dismiss with prejudice all claims against Defendant, and shall execute a release in favor of the Defendant and each of its parent corporations, sister corporations, subsidiary corporations, affiliate corporations, predecessor corporations, as well as its past, present and future principals, directors, officers, shareholders, employees, servants, servicers, agents, attorneys, insurers, partners, successors and assigns and any entity now or in the future controlling it or controlled by it, releasing any and all claims that are or could have been asserted by the Plaintiff in the present litigation. Notwithstanding the foregoing, this release shall not apply to any claim Plaintiff may hereafter bring against the Defendant based upon any future contamination of groundwater under property owned by Plaintiff.

**5.    COOPERATION**

Plaintiff agrees to cooperate with Defendant and take all steps reasonably necessary to achieve the successful remediation of the groundwater under the site and to help return the LCP property to productive and beneficial use.

**6.    PARTIES BOUND**

This agreement shall be binding upon and inure to the benefit of the parties hereto, including but not limited to future purchasers of Plaintiff's property, and their respective heirs, executors and administrators, parent corporations, sister corporations, subsidiary corporations, affiliate

corporations, predecessor corporations, as well as its past, present and future principals, directors, officers, shareholders, employees, servants, servicers, agents, attorneys, insurers, partners, successors and assigns and any entity now or in the future controlling them or controlled by them. Execution of this agreement by any party or by the party's representatives shall constitute a representation and acknowledgment that the party has the authority to enter into this agreement and that the same shall be binding upon and enforceable against said party.

7.   **NO EVIDENCE OF WRONGDOING**

None of the provisions of this agreement, nor evidence of any negotiations or proceedings in pursuance of this agreement, shall be offered or received in evidence in any action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of Defendant or of any of its parent, sister, subsidiary, affiliate or predecessor corporations, as well as its past, present and future principals, directors, officers, shareholders, employees, servants, servicers, agents, attorneys, insurers, partners, successors and assigns and any entity now or in the future controlling it or controlled by it.

This the 16 day of November 2006.

_____
John C. Bell, Jr.
Bell & James
Counsel for Glynn County

_____ Chairman
[COUNTY REPRESENTATIVE]

_____
[HONEYWELL REPRESENTATIVE]

-5-

# Tab E

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by and through )
its MAYOR AND BOARD OF )
COMMISSIONERS, )
                                )
      Plaintiff, )
                                  )
v. ) Civil Action No.: CE22-01086
                                  )
HONEYWELL INTERNATIONAL, INC., )
f/k/a ALLIED CHEMICAL CORPORATION )
and as ALLIEDSIGNAL, INC., and THE )
GEORGIA POWER COMPANY, )
                                  )
      Defendants. )

## ORDER

The Court has before it the motion of the City of Brunswick to withdraw the Order entered

October 3, 2023.  The Court finds that the Order was improvidently entered and that the Order

should be, and is, HEREBY RESCINDED.

SO ORDERED, this the _____ day of _____, 2023.


_____
Judge Stephen D. Kelley
Brunswick Judicial Circuit

# Exhibit D

FILED - JL
GLYNN CO. CLERK'S OFFICE
Filed 10/17/2023 10:32 AM
Accepted 11/17/2023 11:03 AM
CASE # CE22-01086

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by and through )
its MAYOR AND BOARD OF )
COMMISSIONERS, )
         )
      Plaintiff, )
         )    CIVIL ACTION FILE NO. <u>CE22-01086</u>
v. )
         )
HONEYWELL INTERNATIONAL, INC., )
f/k/a ALLIED CHEMICAL )
CORPORATION and as ALLIEDSIGNAL, )
INC., and THE GEORGIA POWER )
COMPANY, )
         )
      Defendants. )

## <u>DEFENDANTS' JOINT RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S</u>
## <u>MOTION TO WITHDRAW THE COURT'S ORDER STAYING PROCEEDINGS</u>

Defendant HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL

CORPORATION and as ALLIEDSIGNAL, INC. ("Honeywell") and Defendant THE GEORGIA

POWER COMPANY ("Georgia Power") (cumulatively, "Defendants") file this Joint Response

Brief in Opposition to Plaintiff CITY OF BRUNSWICK, by and through its MAYOR AND

BOARD OF COMMISSIONERS (the "City")'s Motion to Withdraw the Court's Order Staying

Proceedings.

## <u>BACKGROUND OF STIPULATIONS FILED BY DEFENDANTS</u>

Upon receipt of the United States District Court for the Southern District of Georgia's

Order granting the Motion to Remand ("Remand Order"), Defendants calculated their respective

deadlines for responsive pleadings and discovery.  Defendant Georgia Power contacted counsel

for the City requesting cooperation with a consent Motion to Stay, to which counsel for the City

denied.  Counsel for Georgia Power also requested an extension of time to answer the Complaint

until after a ruling on a Motion to Stay.  Counsel for the City denied this request also.  Defendant Georgia Power then suggested filing a stipulation setting forth dates for Georgia Power to respond to the Complaint and to discovery requests, which would operate in the event the Court failed to rule on a Motion to Stay or denied a Motion to Stay.  Counsel for the City agreed to the proposed stipulation, which was then filed with this Court.  Counsel for Honeywell contacted counsel for the City under the same premise and requested the same timeframe to which counsel for the City agreed.  Honeywell's stipulation was filed thereafter.[1]  Contrary to the City's indication in its Motion to Withdraw the Court's Order Staying Proceedings and Brief in Support (the "Motion to Withdraw"), Defendants went further than citing the stipulations directly because they are in the Court's record and instead reminded the Court of the exact status and posture of this matter, including that no responsive pleadings have been filed in this case.  (Motion to Withdraw, pp. 2-3).

Despite the City's inflammatory language, Defendants requested their respective stipulations and the instant stay in good faith.  Defendants' intentions were solely focused on avoiding duplicative litigation as set forth in their Joint Motion to Stay Proceedings Pending Appeal.[2]

## **THIS COURT HAS DISCRETION TO CONTROL ITS DOCKET**

In its Motion to Withdraw the Court's Order Staying Proceedings and Brief in Support (the Motion to Withdraw"), the City inaccurately claims that the Court must ensure compliance with Uniform Rules of Superior Courts, Rule 6.2.  (Motion to Withdraw, p. 2).  The case cited by the

---

[1] Communication between counsel was done over phone calls and no written record exists.

[2] Defendants did not mislead the Court by filing a Joint Motion to Stay Proceedings Pending Appeal.  As the very first words of the Court's Order Granting Joint Motion to Stay Proceedings Pending Appeal ("Stay Order"), state, "Defendants jointly filed a Motion to Stay…".  The City's dramatic retelling of the procedural history is an unnecessary distraction that should be ignored in consideration of the propriety of a stay.

City in support of this contention involves a trial Court's grant of a Motion for Summary Judgment prior to the thirty-three-day deadline imposed by Rule 6.2 cited above.  Id.  However, the Court of Appeals disputes that waiting for the response deadline is always required.  See Sparra v. Deutsche Bank Nat. Tr. Co.  The Court of Appeals held in Sparra that a trial court has discretion to rule on a motion before the deadline required by Rule 6.2 if evidence is not required to issue a ruling on the motion.  336 Ga. App. 418, 423, 785 S.E.2d 78, 84 (2016).  "[W]here evidence is not required, a court has the discretion to rule on a motion to dismiss before the 30 days anticipated by USCR 6.2 for a response to be filed expires."  Id. quoting Phillips v. McCroskey, 234 Ga. App. 87, 88(2), 506 S.E.2d 388 (1998).  The Stay Order cites to no evidence reviewed in consideration of the propriety of a stay and bases the Court's decision on "the interest of judicial economy".  (Stay Order, p. 1).

As the City noted, Georgia opinions on stay orders are minimal and Federal Court decisions provide persuasive authority.  (Motion to Withdraw, p. 3).  The United States Supreme Court held in Clinton v. Jones that courts have "broad discretion to stay proceedings as an incident to its power to control its own docket."  520 U.S. 681, 706, 117 S. Ct. 1636, 1650, 137 L. Ed. 2d 945 (1997).  The United States Court of Appeals for the Eleventh Circuit provides guidance for justification of a stay in trial court.  Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000).  "When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay."  Id.  In Trujillo, the Eleventh Circuit found the stay entered by the district court immoderate where "[t]he stay appears to expire only after a trial of the [related] case and the exhaustion of appeals in that case."  Id.  In the instant matter, the stay is far more limited to the appellate consideration of one motion.  This Court has appropriately limited the stay and required the parties to notify the

Court pending a decision from the Eleventh Circuit.  Thus, this Court can and should use its discretion to manage its docket where parameters have been set forth and judicial economy is the guiding reason.

The cases cited by the City to support its contention that stay orders are "strongly disfavored" fail to present an analogous procedural posture wherein the stay is issued pending jurisdictional determination (Motion to Withdraw, pp. 3-5).  This Court has the discretion to enter a judicially economical stay pending jurisdictional review where limitations are provided for and precedent fails to instruct otherwise on the providence of a stay pending appeal of a remand order.

## THE PRACTICAL RESULT SHOULD THE STAY BE LIFTED

Should the stay be lifted pending a decision by the Eleventh Circuit, any decision entered by this Court (i.e. on discovery issues, sanctions, dispositive motions, etc.) will be ripe for undoing if the matter is removed to federal court.[3]  Jurisdiction over the subject matter of this action is a threshold issue which should be decided before any substantive decision on the merits.  See Stillwell v. Topa Ins. Co., 363 Ga. App. 126, 129 (2022).  The City paints a picture of the parties moving forward with discovery absent any court intervention.  It is true that if responsive pleadings and discovery are filed while jurisdiction is under review by the Eleventh Circuit, the same can be carried over to federal court should the case be removed.  However, the City ignores the very real possibility that this Court will consider and decide on issues regarding admissibility of discovery at the very minimum.  If Defendants prevail before the Eleventh Circuit, Defendants will move this Court to vacate any decision entered by it while jurisdiction was under review.  The City would

---

[3] The Parties recently received Notice from the Eleventh Circuit that the appeal has been selected for mediation and a mediation assessment conference has been scheduled for November 30, 2023.  The possibility of settling the entire matter through the Eleventh Circuit would leave nothing for adjudication by this Court.

have this Court adjudicate the pre-trial processes then turn around and undo its decisions because it never had jurisdiction over the case to begin with.

The City claims that it will be burdened by the stay because "[m]any of the key witnesses who worked for Honeywell or Georgia Power have now retired." (Motion to Withdraw, p. 6). Whether the stay remains in place, the retirees will still be retired. The City claims that it suffers "actual harm by delay of discovery", but articulates no such burden caused by the stay other than their own impatience with the lawful appellate process Defendants have undertaken. (Motion to Withdraw, p. 9). The City waited years to file this lawsuit. Indeed, the City complains about coal burning at a Georgia Power plant that stopped 50 years ago. Likewise, the LCP plant (formerly owned by Honeywell) closed on February 1, 1994, almost 30 years ago. The supposed delay related to the present dispute over jurisdiction is minimal and no prejudice to plaintiffs. Of course, if the City truly desired expedient litigation, it would not have moved to remand the case to state Court and allowed the matter to proceed in federal court, where discovery would all but certainly be ongoing at present. Just as the City exercised its right to move to remand, the Defendants exercised their right to appeal the Remand Order. If the Eleventh Circuit reverses the Remand Order, Defendants and this Court will be harmed in having had to litigate a case that never should have been before this Court.

## **CONCLUSION**

The Court has authority to manage its docket and its decision to enter a stay in the interest of judicial economy pending jurisdictional review by the Eleventh Circuit is appropriate. The Court should deny the City's Motion to Withdraw and keep the stay in place.


Respectfully submitted, this 17th day of November, 2023.

*/s/ Mark D. Johnson*

Mark D. Johnson
Georgia Bar No. 395041
Amber M. Carter
Georgia Bar No. 631646
mjohnson@ghsmlaw.com
acarter@ghsmlaw.com
**Gilbert Harrell Sumerford & Martin, P.C.**
Post Office Box 190
Brunswick, Georgia 31521-0190
P:  (912) 265-6700
F:  (912) 264-0244

*Attorneys for Honeywell International, Inc. f/k/a Allied Chemical Corporation and as AlliedSignal, Inc.*

Benjamin H. Brewton
Georgia Bar No. 002530
Email: bbrewton@balch.com
T. Joshua R. Archer
Georgia Bar No. 021208
Email: jarcher@balch.com

**BALCH & BINGHAM LLP**
801 Broad Street, Suite 800
Augusta, GA 30901
Telephone:     (706) 842-3711
Facsimile:     (866) 258-8984

*Attorneys for The Georgia Power Company*

## <u>CERTIFICATE OF SERVICE</u>

I, Mark D. Johnson, do hereby certify that we have this day served a true and correct copy of the above and foregoing **JOINT RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO WITHDRAW THE COURT'S ORDER STAYING PROCEEDINGS** by causing a copy of the same to be placed in the United States mail, postage prepaid, to:

John C. Bell, Jr.
Pamela S. James
The Bell Firm
P.O. Box 1547
Augusta, GA 30903-1547
john@thebellfirm.net
pam@thebellfirm.net

Robert P. Killian
Killian Law Firm LLC
47 Professional Drive
Brunswick, GA 31520
bob@killianlawfirm.com

Brian Donald Corry
McQuigg Smith & Corry
504 Beachview Dr. Ste. 3D
St. Simons Island, GA 31522
brian@msclawga.com

Robert B. Jackson, IV
Robert B. Jackson, IV, LLC
260 Peachtree St., Ste. 2200
Atlanta, GA 30303
Rbj4law@gmail.com

*Counsel for Plaintiff*

This 17th day of November, 2023.

*/s/ Mark D. Johnson*
Mark D. Johnson

# Exhibit E

IN THE SUPERIOR COURT OF GLYNN COUNTY
STATE OF GEORGIA

CITY OF BRUNSWICK, by and through )
its MAYOR AND BOARD OF )
COMMISSIONERS, )
                     )
       Plaintiff, )
                     )
v. ) Civil Action No.: CE22-01086
                     )
HONEYWELL INTERNATIONAL, INC., )
f/k/a ALLIED CHEMICAL CORPORATION )
and as ALLIEDSIGNAL, INC., and THE )
GEORGIA POWER COMPANY, )
                     )
       Defendants. )

## ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW ORDER STAYING DISCOVERY

Plaintiff's Motion to Withdraw the Order Staying Discovery is hereby granted. The

parties may proceed with discovery.

SO ORDERED, this 29th day of April, 2024.

Judge Stephen D. Kelley
Brunswick Judicial Circuit

Filed in Open Court this
_____ day of _____, 20 ___

Clerk, Superior Court
Glynn County, Georgia

# Exhibit F

FILED - JL
GLYNN CO. CLERK'S OFFICE
Filed 5/2/2024 11:16 AM
Accepted 5/2/2024 11:42 AM
CASE # CE22-01086

*Rebecca J Walden*

CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF GLYNN COUNTY
## STATE OF GEORGIA

CITY OF BRUNSWICK, by )
and through its MAYOR AND )
BOARD OF COMMISSIONERS, )
)
    Plaintiff, )
) CIVIL ACTION FILE NO.:
v. ) CE22-01086
)
HONEYWELL INTERNATIONAL, )
INC. f/k/a ALLIED CHEMICAL )
CORPORATION and as )
ALLIEDSIGNAL, INC., and THE )
GEORGIA POWER COMPANY, )
)
    Defendants. )

## STIPULATION REGARDING TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY REQUESTS

Defendants HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC. , THE GEORGIA POWER COMPANY and Plaintiff, CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS file the following stipulation pursuant to O.C.G.A. § 9-11-6: The time for Defendants to Answer or otherwise Respond to Plaintiff's Complaint is on or before **June 3, 2024**.

The time for Defendants to Respond to Plaintiff's First Interrogatories and Request for Production of Documents is extended through and including **June 18, 2024.**

So stipulated this 2nd day of May, 2024.

/s/ ~John C. Bell~

John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
P.O. Box 1547
Augusta, GA 30903


Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA 31520


Brian D. Corry (Ga. Bar No. 165557)
MCQUIGG SMITH & CORRY
504 Beachview Drive
Suite 3D
St. Simons Island, GA 31522


*Attorneys for Plaintiff*

/s/

Mark D. Johnson (Ga. Bar No. 385041)
Amber M. Carter (Ga. Bar No. 631649)
GILBERT HARRELL SUMERFORD &
 MARTIN, PC
P.O. Box 190
Brunswick, Georgia 31521-0190
*Attorneys   for   Defendant   Honeywell
International, Inc.*


Benjamin H. Brewton (Ga. Bar No.
002530)
T. Joshua R. Archer (Ga. Bar No. 021208)
Balch & Bingham LLP
801 Broad Street - Suite 800
Augusta, Georgia 30901
*Attorneys   for   Defendant   The   Georgia
Power
Company*

## CERTIFICATE OF SERVICE

I, Mark D. Johnson, do hereby certify that we have this day served a true and correct copy of the above and foregoing **STIPULATION REGARDING TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY REQUESTS** by causing a copy of the same to be placed in the United States mail, postage prepaid, to:

| | |
|---|---|
| John C. Bell, Jr.<br>Pamela S. James<br>The Bell Firm<br>P.O. Box 1547<br>Augusta, GA 30903-1547<br>john@thebellfirm.net<br>pam@thebellfirm.net | Benjamin H. Brewton<br>T. Joshua R. Archer<br>Balch & Bingham LLP<br>801 Broad Street, Suite 800<br>Augusta, Georgia 30901<br>bbrewton@balch.com<br>jarcher@balch.com |
| Robert P. Killian<br>Killian Law Firm LLC<br>47 Professional Drive<br>Brunswick, GA 31520<br>bob@killianlawfirm.com | ***Counsel for Defendant The Georgia Power Company*** |
| Brian Donald Corry<br>McQuigg Smith & Corry<br>504 Beachview Dr. Ste. 3D<br>St. Simons Island, GA 31522<br>brian@msclawga.com | |
| ***Counsel for Plaintiff*** | |

This 2nd day of May, 2024.

_s/ Mark D. Johnson_____
Mark D. Johnson

# Exhibit G

# SUPERIOR COURT OF GLYNN COUNTY
# CASE SUMMARY
## CASE NO. CE22-01086

| | | | |
|---|---|---|---|
| CITY OF BRUNSWICK (BY AND THROUGH ITS MAYOR AND BOARD OF COMMISSIONERS) vs. HONEYWELL INTERNATIONAL, INC. F/K/A ALLIED CHEMICAL CORPORATION (AND AS ALLIEDSIGNAL, INC.) AND THE GEORGIA POWER COMPANY | § § § § § | Location:<br>Judicial Officer:<br>Filed on:<br>SB176: | Superior Court 5<br>Kelley, Stephen D.<br>10/20/2022<br>0632022004368 |

---

### CASE INFORMATION

**Statistical Closures**
11/22/2022   Non Trial

Case Type:  **Other Tort**

Case Status:  **09/01/2023  Active**

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | City of Brunswick, by its Mayor and Board of Commissioners | **Bell, John C, Jr.**<br>*Retained*<br>706-722-2014(W) |
| **Defendant** | Honeywell International, Inc.<br>*c/o Corporation Service Company*<br>*2 Sun Court, Suite 400*<br>*Peachtree Corners, GA 30092* | **JOHNSON, MARK D**<br>*Retained*<br>912-265-6700(W) |
| | The Georgia Power Company<br>*c/o Kristi Dow*<br>*241 Ralph McGill Blvd., NE, Bin # 10180*<br>*Atlanta, GA 30308* | **BREWTON, BENJAMIN H**<br>*Retained*<br>706-842-3711(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 10/20/2022 | Service Copy<br>*SERVICE CONTACT - SDK* |
| 10/20/2022 | Interrogatories<br>*AND REQUEST FOR PROD TO HONEYWELL INTERNATIONAL, INC. - EFILED BY JOHN BELL, ATTY FOR PLTF* |
| 10/20/2022 | Interrogatories<br>*AND REQUEST FOR PROD TO GEORGIA POWER COMPANY - EFILED BY JOHN BELL, ATTY FOR PLTF* |
| 10/20/2022 | Complaint<br>*EFILED BY JOHN BELL, ATTY FOR PLTF* |
| 11/01/2022 | Acknowledgement of Service<br>*BY MARK JOHNSON, ATTY FOR HONEYWELL INTERNATIONAL, INC* |
| 11/15/2022 | Affidavit of Service<br>*Acknowledgment of Service for The Georgia Power Company; efiled by John C. Bell* |
| 11/18/2022 | Notice of Removal<br>*TO FEDERAL COURT - EXHIBIT NOT PRINTED* |
| 11/22/2022 | Notice Of Removal (Judicial Officer: Kelley, Stephen D.) |
| 09/06/2023 | Order (Judicial Officer: Kelley, Stephen D. )<br>*Order from US District Court remanding case back to Superior Court* |
| 09/19/2023 | Stipulation of Extension of Time<br>*Stipulation Regarding Time for Defendant Georgia Power to Respond to Complaint and Discovery efiled by Ben Brewton Atty for Georgia Power Co* |

SUPERIOR COURT OF GLYNN COUNTY
## CASE SUMMARY
### CASE NO. CE22-01086

| | | |
|---|---|---|
| 09/21/2023 | | Leave of Absence |
| | | *FOR ATTY BEN BREWTON* |
| 09/22/2023 | | Stipulation of Extension of Time |
| | | *Stipulation Regarding Time for Defendant Honeywell International, Inc. to Respond to Plaintiff's Complaint and Discovery Requests efiled by Mark D Johnson Atty for DEF* |
| 09/26/2023 | | Motion |
| | | *Defendants' Joint Motion to Stay Proceedings Pending Appeal - efiled by Mark Johnson - no proof of Rule 6.1* |
| 10/03/2023 | | Order (Judicial Officer: Kelley, Stephen D. ) |
| | | *Order to Stay Proceedings Pending Appea; signed by Judge Kelley on 10.3.23* |
| 10/03/2023 | | Notice |
| | | *Plaintiff's Consent of Electronic Service to Plaintiff's Attny Robert Killian* |
| 10/18/2023 | | Motion |
| | | *Plaintiff's Motion to Withdraw the Court's Order Staying Proceedings and Brief in Support* |
| 11/17/2023 | | Response in Opposition |
| | | *Joint Response Brief in Opposition to Motion to Withdraw Order Staying Proceedings - efiled by Mark Johnson - svc cpy SDK* |
| 11/22/2023 | | Brief (Judicial Officer: Kelley, Stephen D. ) |
| | | *Plaintiff's Brief in Reply to Defendants' Brief in Opposition to the Motion to Withdraw the court's Order Staying Proceedings efiled by John C Bell Jr Atty for PLTF* |
| 12/01/2023 | | Leave of Absence |
| | | *Amended LOA for Ben Brewton 2023-2024 - see document for dates* |
| 12/18/2023 | | Other |
| | | *Verified Application for Admission to Practice Pro Hac Vice of Brian D. Israel* |
| 01/17/2024 | | Notice of Appearance |
| | | *Notice of Appearance for def attny James L. Roberts IV* |
| 02/26/2024 | | Leave of Absence |
| | | *Leave of absence for attny Robert Killian* |
| 03/08/2024 | | Order Granting Motion |
| | | *Order Admitting Counsel Pro Hac Vice - Brian d. Israel on behalf of defendant.* |
| 03/13/2024 | | Leave of Absence |
| | | *Leave of Absence - 2024 Amended for def attny Benjamin Brewton* |
| 04/18/2024 | | Order Setting Hearing |
| | | *Hearing set for 4.29.24 on Pltf's Motion to Withdraw Order Staying Proceedings; signed 4.18.24 by Judge Kelley* |
| 04/29/2024 | **Order Setting Hearing (9:30 AM)** | |
| | *Pltf's Motion to Withdraw Order Staying Proceedings* | |
| 04/29/2024 | | Order (Judicial Officer: Kelley, Stephen D. ) |
| | | *Granting Plaintiffs Motion to Withdraw Order Staying Discovery* |
| 05/02/2024 | | Stipulation of Extension of Time |
| | | *Stipulation Regarding Time for Defendants to Respond to Plaintiff's Complaint and Discovery Requests - svc cpy to SDK* |
| 05/31/2024 | | Motion to Dismiss |
| | | *Defendant Georgia Power Company's Motion to Dismiss or, in the Alternative, for More Definite Statement and Brief in Support* |
| 05/31/2024 | | Answer with Counterclaim |
| | | *Defendant Georgia Power Company's Answer to Plaintiff Complaint* |

SUPERIOR COURT OF GLYNN COUNTY
# CASE SUMMARY
### CASE NO. CE22-01086

| 06/03/2024 | 📄 Motion |
| | *Defendant Honeywell International, Inc.'s Motion for More Definite Statement (svc copy-SDK)* |
| 06/03/2024 | 📄 Motion to Dismiss |
| | *Defendant Honeywell's Motion to Dismiss and Proposed Order (svc copy-SDK)* |
| 06/03/2024 | 📄 Answer with Counterclaim |
| | *Answer and Defenses of Defendant Honeywell International, Inc.* |
| 07/01/2024 | 📄 Brief . |
| | *Plaintiff's Brief in Opposition to Defendant Georgia Power's Motion to Dismiss or for a More Definite Statement* |
| 07/02/2024 | 📄 Consent Agreement |
| | *Consent Motion for Extension of Time with proposed order (svc copy-SDK)* |
| 07/03/2024 | 📄 Order |
| | *Order Granting Extension of Time to Respond* |
| 07/05/2024 | 📄 Order (Judicial Officer: Kelley, Stephen D. ) |
| | *Rule Nisi for 8-14-24 at 1400 hrs* |
| 07/09/2024 | 📄 Brief in Opposition |
| | *Plaintiff's Brief in Opposition to Defendant Honeywell's Motion for a More Definite Statement* |
| 07/10/2024 | 📄 Brief |
| | *Plaintiff's Brief in Opposition to Defendant Honeywell's Motion to Dismiss* |
| 07/16/2024 | 📄 Response |
| | *Defendant GPC's Reply Brief in Support of Its Motion to Dismiss or in the Alternative For More Definite Statement* |
| 07/18/2024 | 📄 Consent Motion |
| | *Consent Motion Requesting Rescheduling and Continuance of Rule Nisi Hearing Set for August 14, 2024* |
| 08/02/2024 | 📄 Leave of Absence |
| | *Notice of Leave of Absence* |
| 08/05/2024 | 📄 Rule Nisi |
| | *Proposed Rule Nisi / Unsigned Svc to Judge* |
| 08/08/2024 | 📄 Order |
| | *Rule Nisi for 9-20-24* |
| 08/12/2024 | 📄 Leave of Absence |
| | *RPK LOA Nov 2024* |
| 08/14/2024 | **Motions** (2:00 PM) |
| | *continued to 9.20.24 per Judge Kelley's order dated 8.7.24* |
| 08/22/2024 | 📄 Leave of Absence |
| | *Leave of Absence / Atty pf Def* |
| 08/26/2024 | 📄 Application |
| | *Application for Admission to Practice Pro Hac Vice (Jeffrey D. Talbert)* |
| 08/28/2024 | 📄 Substitution of Counsel |
| | *Notice of Substitution of Counsel - John Bell substituting for Robert Jackson* |
| 08/28/2024 | 📄 Notice |
| | *GPC's Notice of Eleventh Circuit's Notice Setting Oral Argument* |
| 08/28/2024 | 📄 Notice |
| | *Attorney Withdrawal - DUPLICATE ENTRY* |

SUPERIOR COURT OF GLYNN COUNTY
# CASE SUMMARY
## CASE NO. CE22-01086

| | |
|---|---|
| 08/29/2024 | Notice<br>*GPC's Amended Notice of Eleventh Circuit's Notice Setting Oral Argument* |
| 09/03/2024 | Certificate Pursuant to Uniform Sup Ct Rule 5.2<br>*DEF RESPONSES AND OBJ TO PLNTS 1ST INTERR AND REQS FOR PROD OF DOCS* |
| 09/04/2024 | Leave of Absence<br>*Leave of Absence* |
| 09/10/2024 | Certificate Pursuant to Uniform Sup Ct Rule 5.2<br>*GPC's Responses and Objections to Plaintiff's First Int and RPD* |
| 09/13/2024 | Brief<br>*Defendant Honeywell International Inc.'s Reply in Support of Motion to Dismiss Plaintiff's Complaint* |
| 09/18/2024 | Complaint<br>*Amended Complaint* |
| 09/19/2024 | Amended Motion<br>*Defendant GPC's Amended Motion to Dismiss and Brief in Support* |
| 09/20/2024 | **Rule Nisi** (11:00 AM)<br>*On all Outstanding Motions* |
| 09/26/2024 | Order<br>*Order Granting Pro Hac Vice Jeffrey Talbert* |
| 10/11/2024 | Brief<br>*Defendant Honeywell International Inc.'s Supplemental Brief in Support of Motion to Dismiss Plaintiff's Complaint* |
| 10/11/2024 | Brief<br>*GPC's Supplemental Brief in Support of its Amended Motion to Dismiss* |
| 10/14/2024 | Amendment<br>*Second Amended Complaint* |
| 10/22/2024 | Brief<br>*Post-hearing, Post-amendment Brief of the City of Brunswick* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** City of Brunswick, by its Mayor and Board of Commissioners

| | |
|---|---|
| Total Charges | 210.50 |
| Total Payments and Credits | 210.50 |
| **Balance Due as of 11/13/2024** | **0.00** |

*Printed on 11/13/2024 at 9:20 AM*