No. 23-13200-F
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

**HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and GEORGIA POWER COMPANY,**

Appellants

v.

**CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS,**

Appellee

_____

On Appeal from the United States District Court for the
Southern District of Georgia
No. 2:22-cv-00132

_____

# REPLY OF APPELLEE, THE CITY OF BRUNSWICK,
# TO BRIEF OF HONEYWELL INTERNATIONAL, INC.

_____

| | | |
|---|---|---|
| John C. Bell, Jr. | Robert P. Killian | Brian D. Corry |
| GA Bar No. 048600 | GA Bar No. 417575 | McQuigg Smith & Corry |
| Pamela S. James | Killian Law Firm, LLC | 504 Beachview Drive |
| GA Bar No. 389015 | 47 Professional Drive | Suite 3-D |
| The Bell Firm | Brunswick, GA 31520 | St. Simons Island, SC |
| PO Box 1547 | (912) 263-9520 | 31522 |
| Augusta, GA 30903-1547 | bob@killianlawfirm.com | (912) 638-1174 |
| (706) 722-2014 | | brian@msclawga.com |
| john@bellfirm.net | | |
| pam@bellfirm.net | | |

*Attorneys for Appellee*

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellee The City of Brunswick files this Certificate of Interested Persons and Corporate Disclosure Statement and certify the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for appellant Georgia Power Company

- Arnold & Porter Kaye Scholer LLP, law firm for Appellant Honeywell International, Inc.

- Balch & Bingham LLP, law firm of counsel for Appellant Georgia Power Company

- Bell, John C., Jr., counsel for Appellee City of Brunswick

- Birkel, Charles, counsel for Appellant Honeywell International, Inc.

- Brewton, Benjamin H., counsel for Appellant Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International, Inc.

C-1

- City of Brunswick, Appellee

- Corry, Brian Donald, counsel for Appellee City of Brunswick

- Fayne, S. Zachary, counsel for Appellant Honeywell International, Inc.

- Georgia Power Company, Appellant

- Gilbert, Harrell, Sumerford & Martin, P.C., law firm of counsel for Appellant Honeywell International, Inc.

- Hall, J. Randal, Judge, United States District Court for the Southern District of Georgia

- Honeywell International, Inc. (NASDAQ: HON), Appellant

- Israel, Brian D., counsel for Appellant Honeywell International, Inc.

- James, Pamela S., counsel for Appellee City of Brunswick

- Johnson, Mark D., counsel for Appellant Honeywell International, Inc.

- Killian Law Firm LLC, law firm of counsel for Appellee City of Brunswick

- Killian, Robert P., counsel for Appellee City of Brunswick

- McQuigg Smith & Corry, law firm of counsel for Appellee City of Brunswick

- Southern Company (NYSE: SO), publicly held corporation that owns 100% of stock of Appellant Georgia Power Company

- The Bell Firm, law firm of counsel for Appellee City of Brunswick

>*s/ John C. Bell, Jr.*
>John C. Bell, Jr.
>Counsel for Appellee City of Brunswick

## REPLY OF APPELLEE, THE CITY OF BRUNSWICK, TO BRIEF OF HONEYWELL INTERNATIONAL, INC.

The responsive brief of Honeywell contains statements to which a response is required.

Honeywell repeatedly asserts that the procedural rules of the Superior Court of Glynn County compelled it to brief and argue strenuously its motions to dismiss and to seek a substantive and final resolution on the merits of the claims asserted by the City of Brunswick while it pursued this appeal. However, Honeywell cites no rule of court that supports its assertions. In particular, Honeywell asserts:

> As a result, Defendants were **compelled by state-law rules** and deadlines to file responsive pleadings, including motions to dismiss. Defendants did not waive their right to continue this appeal by engaging in litigation at the state court's direction.

Dkt. 65, p. 5 (emphasis added).

> But there is no willingness—and thus no waiver—"when the defendant's participation in the state action . . . was dictated by **the rules of that court**." *Id.* . . . . *See, e.g., City of Albuquerque v. Soto Enters., Inc.,* 864 F.3d 1089, 1099 (10th Cir. 2017) ("We will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation.").

*Id.*, p. 9 (emphasis added).

> Only when the City prevailed in overturning the stay did Defendants—at that point "require[d]" by state law "to file responsive pleadings," including any motion to dismiss—participate in the state-court proceedings by filing a motion to dismiss.

*Id.,* p. 10.

Honeywell cites no rules of the superior court or provisions of the Georgia Civil Practice Act that supports its contention that Georgia law forced it to seek substantive adjudication in the state court while simultaneously pursuing this appeal. Instead, Honeywell chose to play ball in two courts to double its efforts at a dismissal.

As noted in the City's motion, the Georgia Civil Practice Act allows a defense of failure to state a claim to be asserted in the answer, which both Honeywell and Georgia Power did. Dkt. 1-6, pp. 417; 479. The defense of failure to state a claim is "unwaiverable, whether or not it was raised by motion or by answer." *Carpenters Local Union No. 1977 v. General Ins. Co. of America*, 167 Ga.App. 299 (1983) (failure to state a claim can be in an answer); *Wright & Miller*, Fed. Prac. & Proc., Civil 2d § 1392.    Nothing more was needed to be done by Honeywell to preserve this defense. The Georgia Civil Practice Act provides:

> **§ 9-11-12. Defenses and Objections – when and how presented**
>
> (b) How defenses and objections presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may, at the option of the pleader, be made by motion in writing:
> (1) Lack of jurisdiction over the subject matter;
> (2) Lack of jurisdiction over the person;
> (3) Improper venue;
> (4) Insufficiency of process;
> (5) Insufficiency of service of process;

2

>(6) Failure to state a claim upon which relief can be granted;
>(7) Failure to join a party under Code Section 9-11-19.
>
>A motion making any of these defenses shall be made before or at the time of pleading if a further pleading is permitted. **No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion**.

O.C.G.A. § 9-11-12(b) (emphasis added).

>The Civil Practice Act further provides:
>
>(h) Waiver or preservation of certain defenses.
>. . .
>(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Code Section 9-11-19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under subsection (a) of Code Section 9-11-7, or by motion for judgment on the pleadings, or at the trial on the merits.

O.C.G.A. § 9-11-12(h)(2).

Nothing in the Georgia Civil Practice Act compelled Honeywell or Georgia Power to reiterate their 12(b)(6) defense to fully brief it, to fully argue it and even to file post-argument briefs and a renewed motion, while never requesting the court to withhold ruling on its motions pending this appeal.

Honeywell cites *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966 (9th Cir. 2011), a case in which the Ninth Circuit affirmed the district court's order remanding the case to state court. The *R.R. Street* decision addresses a vary unique

3

factual situation in that the asserted waiver addressed actions taken by the removing party after a district court had remanded the case to state court, an order that was on appeal to the Ninth Circuit. The relevant portion of the Court's opinion is as follows:

> Transport cites no authority extending this waiver principle to the appeal of a remand order, but even if we extended it to this case, Transport's argument would fail. "A waiver of the right of removal must be clear and unequivocal." Id. (internal quotation marks omitted). Here, there is no evidence that Street/National Union intended to waive their right to appeal the district court's order. Street/National Union **merely sought to preserve their claims in state court pending the outcome of this appeal**; they have indicated at every step of the way that they intended to pursue the appeal.

*R.R. Street*, at 973 (emphasis added).

The above statement by the Ninth Circuit is not a holding that waiver can only occur before the removal from state court. It is a holding that the act of filing a cross-claim is not evidence of a clear and unequivocal waiver. In this case, the City of Brunswick is not contending that filing answers that included a defense of failure to state a claim was substantive litigation on the merits in state court that could form the basis of waiver. The actions of Georgia Power and Honeywell in the Superior Court of Glynn County have been vigorous activities seeking resolution in their favor on the merits, and were not done *to preserve the status quo* pending decision of their appeal to this Court.

4

Perhaps the most significant factor in Honeywell's brief is what is not found in its brief. Honeywell does not cite a single case in which the removing party had filed motions to dismiss, fully briefed those motions, argued those motions for two hours and filed post-hearing briefs and a renewed motion motions seeking dismissal of the complaint on the merits and in which a federal court found such actions not be a waiver of removal jurisdiction.

Honeywell also argues:

> *Third*, none of the City's cases are relevant because each involves actions taken by defendants *before* they removed a case to federal district court or *during* the federal district court's consideration of remand. *See, e.g.*, *Banks v. Hous. Auth. of DeKalb Cnty.*, 32 F. Supp. 3d.1296, 1299 (N.D. Ga. 2014); *Direct Mortg. Corp. v. Keirtec, Inc.*, 478 F. Supp. 2d 1339, 1342 (D. Utah 2007); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1124–25 (D.N.M. 1998).

Dkt. 65, p. 12.

Honeywell ignores the *Direct Mortgage* decision that found waiver of removal jurisdiction based upon post-removal acts.

Honeywell's statement is thus not supported by the cases that it cites in support of that statement.

5

The motion to dismiss the appeal because Honeywell and Georgia Power have waived federal removal jurisdiction should be granted.

Respectfully submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net
Pam@bellfirm.net

Robert P. Killian (Ga. Bar No. 417575)
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA   31520
(912) 263-9520
bob@killianlawfirm.com

Brian Donald Corry (Ga. Bar No. 165557)
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

Counsel for Appellee City of Brunswick

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B) and contains 1,239 words. The type size and style used in this brief are font size 14, Times New Roman Style.

    *s/ John C. Bell, Jr.*
Counsel for Appellee City of Brunswick

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2024, I have filed the foregoing **REPLY OF APPELLEE, THE CITY OF BRUNSWICK, TO BRIEF O F HONEYWELL INTERNATIONAL, INC.,** with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

          *s/ John C. Bell, Jr.*
          John C. Bell, Jr.
          Counsel for Appellee City of Brunswick