No. 23-13200-F

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

**HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and GEORGIA POWER COMPANY,**

**Appellants,**

**v.**

**CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS,**

**Appellee.**

_____

On Appeal from the United States District Court for the
Southern District of Georgia
No. 2:22-cv-00132

_____

## APPELLANT GEORGIA POWER COMPANY'S RESPONSE TO
## JURISDICTION QUESTION PRESENTED BY COURT

_____

T. Joshua R. Archer
Georgia Bar No. 021208
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd., NW
Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020

Benjamin H. Brewton
Georgia Bar No. 002530
Balch & Bingham LLP
801 Broad Street, Suite 800
Augusta, Georgia 30901
Telephone: (706) 842-3711

*Attorneys for Appellant Georgia Power Company*

City of Brunswick v. The Georgia Power Company
Appeal No. 23-13200-F

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellant Georgia Power Company file this Certificate of Interested Persons and Corporate Disclosure Statement and certify the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for Appellant Georgia Power Company

- Balch & Bingham LLP, law firm of counsel for Appellant Georgia Power Company

- Bell, John C. Jr., counsel for Appellee City of Brunswick

- Brewton, Benjamin H., counsel for Appellant Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International, Inc.

- City of Brunswick, Appellee

- Corry, Brian Donald, counsel for Appellee City of Brunswick

- Georgia Power Company, Appellant

C-1 of 2

City of Brunswick v. The Georgia Power Company
Appeal No. 23-13200-F

- Gilbert, Harrell, Sumerford & Martin, P.C., law firm of counsel for Appellant Honeywell International, Inc.

- Hall, J. Randal, Judge, United States District Court for the Southern District of Georgia

- Honeywell International, Inc. (NASDAQ: HON), Appellant

- James, Pamela S., counsel for Appellee City of Brunswick

- Johnson, Mark D., counsel for Appellant Honeywell International, Inc.

- Killian Law Firm LLC, law firm of counsel for Appellee City of Brunswick

- Killian, Robert P., counsel for Appellee City of Brunswick

- McQuigg Smith & Corry, law firm of counsel for Appellee City of Brunswick

- Southern Company (NYSE: SO), publicly held corporation that owns 100% of stock of Appellant Georgia Power Company

- The Bell Firm, law firm of counsel for Appellee City of Brunswick

Appellant Georgia Power Company hereby submits its response to the following question presented by the Court in its Order issued on November 22, 2024:

> On September 18, 2024, the City of Brunswick filed an amended complaint in Glynn County Superior Court. What effect, if any, does that have on the jurisdiction of this Court to entertain an appeal of the district court's September 1, 2023, remand order?

Doc. 64.   The answer to the Court's question is simple and well-established. Appellee the City of Brunswick's (the "City") filing of its Amended Complaint and Second Amended Complaint (together, the "Amended Complaints") in the Superior Court has no effect on this Court's jurisdiction to entertain the appeal, because it is from an order remanding the case to the Superior Court from which it was removed in part pursuant to 28 U.S.C. § 1442, the federal officer removal statute.  Case law applying the first clause of 28 U.S.C. § 1447(d) (generally barring appellate review of remand orders) to post-removal events in the district court is irrelevant here and does not change this result.  The City's contention that the Amended Complaints have rendered this appeal moot is also without merit.

**A.     This Appeal Falls Within the Statutory Exception for Section 1442 Removals to Section 1447(d)'s General Bar on Review of Remand Orders.**

This Court has jurisdiction over the pending appeal under 28 U.S.C. § 1447(d), which provides:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant

1

to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

Georgia Power and Honeywell removed this case to the District Court in November 2022 based on, among other grounds, 28 U.S.C. § 1442, the federal officer removal statute. Under the plain language of § 1447(d), the District Court's remand Order "shall be reviewable by appeal" to this Court.

The United States Supreme Court "has held that the right of removal [granted by § 1442] is absolute …." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981). And since the case was removed based in part on § 1442, this Court may review the District Court's entire remand Order. *See BP P.L.C. v. Mayor and City Council of Baltimore*, 593 U.S. 230, 141 S. Ct. 1532, 1533 (2021). The Court therefore has jurisdiction to entertain this appeal.

**B.    The City's "Mootness" Argument Is Without Merit.**

In its Response to This Court's Order of November 22, 2024 (Doc. 66), the City argues this appeal "has been rendered moot" by the Amended Complaints. This is incorrect, and the case law on which the City relies for its argument does not support it. Importantly, the Amended Complaints did not add new claims or substantive allegations that mooted the bases for removal addressed in the District Court's remand Order on appeal. Rather, all three of the City's Complaints allege essentially the same conduct by Georgia Power and Honeywell, they assert the same causes of action, and they seek the same relief; in fact, the Amended Complaints add

2

some allegations that make the presence of the District Court's subject matter jurisdiction even ***more*** clear.

Moreover, the initial Complaint and the Amended Complaints were filed in the Superior Court, not in the District Court. The cases on which the City relies for its argument involve amended complaints in cases ***initially filed in the district courts*** that drew into question the district courts' initial subject matter jurisdiction. That is not the case here. The City has pointed to no case in which a federal appellate court's review of a remand order was mooted by the plaintiff's filing an amended complaint in state court.[1]

In *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457 (2007), for instance, the Court addressed whether it should look to the plaintiff's original complaint or to its amended complaint to determine if certain statutory jurisdictional prerequisites were met. *See* 549 U.S. at 473-75. The Court concluded the withdrawal by an amended complaint of allegations that had formed the basis of federal jurisdiction defeats jurisdiction. *See id.* "[W]hen a plaintiff files a complaint in federal court and then

---

[1] Indeed, this would be an absurd result. Under Georgia's Civil Practice Act, a plaintiff "may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." O.C.G.A. § 9-11-15(a). If the City's "mootness" argument had any basis, plaintiffs in Georgia state court actions could unilaterally and entirely preclude appellate review of remand orders by filing negligibly amended complaints. Such a result in removal cases "raise[s] forum-manipulation concerns" that should not be countenanced. *Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 474 n.6 (2007).

voluntarily amends the complaint, courts look to the amended complaint *to determine jurisdiction*." *Id.* at 473-74 (emphasis added).

This Court in *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241 (11th Cir. 2007), another case the City cites, likewise held it must "look to Pintando's amended complaint *to determine whether we have subject-matter jurisdiction*." 501 F.3d at 1243 (emphasis added) (relying on similar holdings in *Wellness Cmty. Nat'l v. Wellness House*, 70 F.3d 46, 48-50 (7th Cir. 1995), and *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 506-08 (5th Cir. 1985)).

In *Sequeira v. Steinlauf*, 759 Fed. Appx. 792 (11th Cir. 2018), this Court held it "lack[ed] jurisdiction to review the district court's order dismissing Sequeira's second amended complaint because the dismissal was rendered moot by Sequeira's third amended complaint." 759 Fed. Appx. at 794-95. *Sequeira* is irrelevant here because, in the present case, the issue is not whether the plaintiff's filing of an amended complaint in the district court divests the Court of jurisdiction to hear the plaintiff's appeal of the district court's dismissal of the plaintiff's initial complaint. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 n.10 (11th Cir. 1999) (plaintiffs' argument that district court erred in dismissing their first complaint was mooted by their filing second complaint). Rather, the City is arguing this Court lacks jurisdiction to hear *Georgia Power's and Honeywell's* appeal because the City filed the Amended Complaints in the Superior Court.

4

This Court's review of the District Court's remand Order is not "rendered moot," therefore, because this case is removable based on the allegations in the initial Complaint **_and_** the allegations in the Amended Complaints. The Amended Complaints did not withdraw any allegations in the City's initial Complaint that gave rise to federal subject matter jurisdiction and Georgia Power's absolute right of removal under 28 U.S.C. § 1442 in the first instance, and they have no effect on Georgia Power's absolute right of appellate review of the District Court's remand Order. *See Arizona*, 451 U.S. at 242. Accordingly, even if the Amended Complaints had any relevance to this appeal or could be considered by this Court, they, just like the City's initial Complaint, demonstrate this Court has subject matter jurisdiction to entertain this appeal.

### C. <u>The Filing of the Amended Complaints in the Superior Court After Remand Has No Effect on the "Absolute" Right of Review of Section 1442 Removals.</u>

In circumstances where the first clause of 28 U.S.C. § 1447(d) bars review of remand orders, the United States Supreme Court has rejected the principle that an appellate court may, contrary to the first clause of § 1447(d), review a district court's remand order so long as the remand was based on a post-removal amendment to the complaint. But that Supreme Court authority (and this Court's case law applying it) does not apply in this case.

In *Poore v. American-Amicable Life Insurance Co*., 218 F.3d 1287 (11th Cir. 2000), this Court held the first clause of § 1447(d)'s bar to appellate review of a district court's remand to state court pursuant to § 1447(c) did not apply where subject matter jurisdiction existed at the time of removal and the district court based its remand on a plaintiff's post-removal amendment to its complaint filed in the district court. *See* 218 F.3d at 1291-92.

In *Powerex Corp. v. Reliant Energy Services Inc*., 551 U.S. 224 (2007), the U.S. Supreme Court rejected this post-removal-event exception to the first clause of § 1447(d)'s general bar on appellate review of remand orders. The Court held "[n]othing in the text of § 1447(c)[2] supports the proposition [in cases such as *Poore*] that a remand for lack of subject-matter jurisdiction is not covered [by § 1447(c)] so long as the case was properly removed in the first instance." 551 U.S. at 230. "[W]hen a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)." *Id*. at 232.

Applying *Powerex*, this Court has held, "[t]his bar on appellate review of subject-matter-jurisdiction remands applies" "[w]hen [the first clause of] § 1447(d)

---

[2] Section 1447(c) provides in relevant part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded …."

applies," "regardless of whether the jurisdictional defect was present at the time of removal or arose after." *Thomas v. Phoebe Putney Health System, Inc.*, 972 F.3d 1195, 1201 (11th Cir. 2020). This Court in *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007), thus overruled its decision in *Poore* "to the extent [it] held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) is reviewable if it is based on a post-removal amendment to the complaint" filed in the district court. 508 F.3d at 641.[3]

*Powerex* and this Court's decisions applying it are based on the plain language of 28 U.S.C. § 1447(c) and (d) and hold a remand order that is not reviewable under the first clause of §1447(d) is still not reviewable under the first clause of § 1447(d)

---

[3] In an opinion issued after *Powerex*, this Court still "consider[ed] the original complaints," and not any "amended complaints," "because removal jurisdiction is determined at the time of removal, and events occurring after removal do not oust the district court's jurisdiction." *Connecticut State Dental Assn. v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.9 (11th Cir. 2009) (punctuation omitted). Post-*Powerex* cases from other federal circuits are in accord. *See 16 Front Street, LLC v. Mississippi Silicon, LLC*, 886 F.3d 549, 558 (5th Cir. 2018) ("the time-of-filing rule applies when a case has been removed on the basis of a federal question because the rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute") (citation omitted); *In Touch Concepts, Inc. v. Cellco Partnership*, 788 F.3d 98, 100-01 (2nd Cir. 2015) ("After proper removal to federal court, post-removal amendments generally do not destroy statutory subject-matter jurisdiction."); *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1133 (10th Cir. 2014) ("[b]ecause the propriety of removal is judged on the complaint as it stands at the time of the removal," court looked to plaintiff's original complaint to determine existence of subject matter jurisdiction).

if the remand order is based on post-removal events in the district court that divest the district court of jurisdiction. This line of authority does not preclude this Court's jurisdiction over this appeal, for two reasons.

First, this case is procedurally dissimilar to the cases to which this holding in *Powerex* applies. The City's Amended Complaints were not filed in the District Court; they were filed in the remanded Superior Court case. Thus, the Amended Complaints did not cause "the [D]istrict [C]ourt [to] lack[] subject matter jurisdiction" (28 U.S.C. § 1447(c)) and were not the cause of the District Court's September 1, 2023, remand Order being appealed. This is simply not a case to which § 1447(c) and the first clause of § 1447(d) apply.

More importantly, this Court has jurisdiction to entertain this appeal because Georgia Power's and Honeywell's Notice of Removal was based in part on 28 U.S.C. § 1442, the federal officer removal statute. Section 1447(d) expressly states orders remanding cases removed pursuant to section 1442 "shall be reviewable by appeal or otherwise." Again, the U.S. Supreme Court "has held that the right of removal [granted by § 1442] is absolute …." *Arizona*, 451 U.S. at 242.

The Court in *Powerex* recognized the first clause of § 1447(d)'s general bar on appellate review of remand orders is ***not*** absolute, by stating § 1447(d)'s restriction has "an exception for certain civil rights cases" that was not implicated in

the case.[4]  *Powerex*, 551 U.S. at 229; *see also Thomas*, 972 F.3d at 1201 n.4 ("[s]ection 1447(d) exempts from its general bar on appellate review remand orders in actions or prosecutions of federal officers or agencies and in certain civil rights cases").

*Powerex*'s holding – that a remand order not reviewable under the first clause of § 1447(d) is still not reviewable under the first clause of § 1447(d) if it is based on post-removal events in the district court – does not apply in cases where the removal was based in whole or in part on § 1442, because orders remanding such cases "***shall be*** reviewable by appeal or otherwise".  In other words, under the plain language of § 1447(d), this rule expressed in *Powerex* does not apply "[w]hen [the first clause of] § 1447(d) [does not] appl[y.]"  *Thomas*, 972 F.3d at 1201.

Finally, even if the Amended Complaints had any relevance to this appeal or could be considered by this Court, the Amended Complaints did not remove any allegations in the City's initial Complaint that gave rise to federal subject matter

---

[4] At the time *Powerex* was decided, § 1443 was the only exception specified in § 1447(d), but Congress later added the exception for federal officer cases (§ 1442 cases).  *See Agyin v. Razmzan*, 986 F.3d 168, 184 n.19 (2d Cir. 2021) (rejecting government's argument that "*Powerex* … along with the district court's conclusion that it lacked subject matter jurisdiction over this case, precludes the exercise of appellate jurisdiction"; "government's reliance on *Powerex* is inapposite because *Powerex* was decided before § 1447(d) was amended to exclude from its jurisdictional bar cases 'removed pursuant to section 1442'") (citing Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545 (2011)).

jurisdiction and Georgia Power's right of removal under 28 U.S.C. § 1442 in the first instance. Accordingly, Georgia Power still has the "absolute" right of appellate review of the District Court's remand Order. *Arizona*, 451 U.S. at 242. This Court thus has jurisdiction to entertain an appeal of the District Court's September 1, 2023, remand Order.[5]

Respectfully submitted this 2nd day of December, 2024.

/s/ *Benjamin H. Brewton*
Benjamin H. Brewton
Georgia Bar No. 002530
**Balch & Bingham LLP**
801 Broad Street, Suite 800
Augusta, Georgia 30901
Telephone: (706) 842-3711
bbrewton@balch.com

T. Joshua R. Archer
Georgia Bar No. 021208
**Balch & Bingham LLP**
30 Ivan Allen Jr. Blvd., NW, Suite 700
Atlanta, Georgia 30308
Telephone: (404) 261-6020
jarcher@balch.com

*Attorneys for Appellant Georgia Power Company*

---

[5] At the conclusion of its Response to This Court's Order of November 22, 2024 (Doc. 66), the City states, "this appeal that deals with the now superceded original Complaint is moot and should be dismissed." Response at 3. For the reasons addressed above, this appeal is not moot and is not subject to dismissal on that basis.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify this brief complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 32(a)(7)(B) and the requirements of this Court's November 22, 2024, Order. This brief contains 2,534 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f). The type size and style used in this brief are font size 14, Times New Roman Style.

*/s/ Benjamin H. Brewton*
Benjamin H. Brewton
Georgia Bar No. 002530
*Attorney for Appellant Georgia Power
Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December, 2024, I have filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to counsel of record.

John C. Bell, Jr.                     Brian D. Corry
Pamela S. James                     McQuigg Smith & Corry
The Bell Firm                          504 Beachview Drive
P.O. Box 1547                         Suite 3D
Augusta, GA  30903               St. Simons Island, GA  31522

Robert P. Killian                      Mark D. Johnson
Killian Law Firm LLC              Amber M. Carter
47 Professional Drive             Gilbert Harrell Sumerford & Martin PC
Brunswick, GA  31520            777 Gloucester Street
                                               Suite 200
                                               Brunswick, GA  31520

                                               */s/ Benjamin H. Brewton*
                                               Benjamin H. Brewton
                                               Georgia Bar No. 002530
                                               *Attorney for Appellant Georgia Power
                                               Company*

12

24477853