No. 23-13200-F

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

## HONEYWELL INTERNATIONAL, INC. f/k/a ALLIED CHEMICAL CORPORATION and as ALLIEDSIGNAL, INC., and GEORGIA POWER COMPANY,

**Appellants**

**v.**

## CITY OF BRUNSWICK, by and through its MAYOR AND BOARD OF COMMISSIONERS,

**Appellee**

---

On Appeal from the United States District Court for the
Southern District of Georgia
No. 2:22-cv-00132

---

## BRIEF OF APPELLEE IN RESPONSE TO THE COURT'S TWO QUESTIONS (Doc. 73)

---

| | | |
|---|---|---|
| John C. Bell, Jr. | Robert P. Killian | Brian Donald Corry |
| GA Bar No. 048600 | Killian Law Firm LLC | McQuigg Smith & Corry |
| The Bell Firm | 47 Professional Drive | 504 Beachview Drive |
| PO Box 1547 | Brunswick, GA 31520 | Suite 3-D |
| Augusta, GA  30903-1547 | (912) 263-9520 | St. Island, SC 31522 |
| (706) 722-2014 | bob@killianlawfirm.com | (912) 638-1174 |
| john@bellfirm.net | | brian@msclawga.com |

*Attorneys for Appellee*

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, the undersigned counsel of record for Appellee The City of Brunswick files this Certificate of Interested Persons and Corporate Disclosure Statement and certify the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for Appellant Georgia Power Company

- Balch & Bingham LLP, law firm of counsel for Appellant Georgia Power Company

- Bell, John C. Jr., counsel for Appellee City of Brunswick

- Brewton, Benjamin H., counsel for Appellant Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International, Inc.

- City of Brunswick, Appellee

- Corry, Brian Donald, counsel for Appellee City of Brunswick

- Georgia Power Company, Appellant

- Gilbert, Harrell, Sumerford & Martin, P.C., law firm of counsel for Appellant Honeywell International, Inc.

- Hall, J. Randal, Judge, United States District Court for the Southern District of Georgia

- Honeywell International, Inc. (NASDAQ: HON), Appellant

- James, Pamela S., counsel for Appellee City of Brunswick

- Johnson, Mark D., counsel for Appellant Honeywell International, Inc.

- Killian Law Firm LLC, law firm of counsel for Appellee City of Brunswick

- Killian, Robert P., counsel for Appellee City of Brunswick

- McQuigg Smith & Corry, law firm of counsel for Appellee City of Brunswick

- Southern Company (NYSE: SO), publicly held corporation that owns 100% of stock of Appellant Georgia Power Company

- The Bell Firm, law firm of counsel for Appellee City of Brunswick

Respectfully submitted this 12th day of February, 2026.

John C. Bell, Jr.
Georgia State Bar No. 048600
Pamela S. James
Georgia State Bar No. 389015
The Bell Firm
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
john@bellfirm.net
pam@bellfirm.net

*Attorneys for Appellee*

This brief is written to respond to the two questions of the Court. The City responds as follows:

**1. Whether this case should be stayed pending decision by the U.S. Supreme Court in the case of *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813.**

Counsel for the City listened to the oral argument in the *Chevron* case and has reviewed the briefs of the parties and amicus briefs submitted to the U.S. Supreme Court in that case.

In its brief, Chevron set forth the issues to be decided:

1. Whether a causal-nexus or contractual-direction test survives the 2011 amendment to the federal-officer removal statute.

2. Whether a federal contractor can remove to federal court when sued for oil-production activities undertaken to fulfill a federal oil-refinement contract.

Brief of Petitioner, p. 1.

Both of these issues presume that there was a contract between the private party and the federal agency under which the contractor was providing services to the government of the United States. Issue number one addresses the breath of actions taken in the course of fulfilling such a contract. In this case, there is no predicate contract. Honeywell has, at all times, been in an adversarial relationship with U.S. Environmental Protection Agency and is doing penance through the Settlement Agreement and Consent Order for its violations of federal environmental laws, violations of which can be felonies. *E.g.*, 33 U.S.C. § 1319.

1

The facts are thus easily distinguishable between the *Chevron* case and the facts presented in the present case against Honeywell.  However, in deciding cases, the Supreme Court at times decides those cases broadly and in the course issues edicts that could be relevant to the present appeal.  Counsel for the City of Brunswick is not prescient enough to know either how the U.S. Supreme Court will rule in the *Chevron* case or how broad the decision of the Court will be.

At this point, over a year since oral argument and with the decision of the U.S. Supreme Court to be issued sometime between now and June, counsel for the City of Brunswick does not oppose a stay by this Court pending decision of the *Chevron*  case.

### 2.  Whether the decision of the U.S. Supreme Court in *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023) that addressed appeals of denials of motions to compel arbitration should also be applied in cases involving appeals of orders overruling a claim of *de facto* federal officer jurisdiction.

Nothing in the decision of the majority in *Coinbase* would indicate an intention of the U.S. Supreme Court majority to apply the automatic stay rule to any appeals other than appeals of orders denying a motion to compel arbitration. The dissent expressly stated that the decision should not be applied to any interlocutory appeal other than appeals from a denial of a motion to compel arbitration. *Coinbase*, 599 U.S. at 761.

A narrow application of the mandatory stay rule makes sense.

In arbitration there is no right to discovery under either the Federal Rules of

Civil Procedure nor under the very similar Georgia Civil Practice Act. Hence, if discovery is allowed to proceed while awaiting the appellate court's decision, the party seeking arbitration has not only lost time waiting to be able to proceed with arbitration but also has spent a great deal of money on discovery. On the other hand, if the court finds that arbitration is improper, all the party opposing arbitration has lost is time. Balancing both sides, a stay of discovery pending decision of whether to compel arbitration is understandable. That is all that the Supreme Court decided in *Coinbase*.

In a case in which there will be discovery whether the case is removed or not, the equities are entirely different. Rule 1, Fed. R. Civ. Proc. calls for the just and speedy determination of every action. The rules of discovery in both federal court and Georgia courts are very similar. Whether a case is removed or remanded, most of the discovery will be identical. While it is being decided whether to remove or remand, a stay of discovery delays the just and speedy resolution of the case. Because the discovery in either court would be very similar, the expense of discovery in either case will be essentially the same.

The City of Brunswick notes that the Ninth Circuit has held that the *Coinbase* decision does not apply to appeals of a grant of remand that overruled a claim of *de facto* federal officer jurisdiction. *California by and through Harrison v. Express Scripts, Inc.*, 139 F.4th 753 (9th Cir. 2025). The Fourth Circuit has held

otherwise. *City of Martinsville, Virginia v. Express Scripts, Inc.* 128 F.4th 265 (4th Cir. 2025).

The issue of whether or not a stay should be mandatory in cases such as the one before the Court is not at issue in this case. The superior court to which this case was remanded has stayed the case pending decision by this Court. Tab A. Therefore, a decision as to the applicability of the *Coinbase* ruling in this case would be a mere advisory opinion and therefore need not and should not be decided in this case.

Respectfully submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr.
Ga. Bar No. 048600
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
John@bellfirm.net

Robert P. Killian
Ga. Bar No. 417575
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA  31520
(912) 263-9520
bob@killianlawfirm.com

4

Brian Donald Corry
Ga. Bar No. 165557
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

Counsel for Appellee City of Brunswick

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2026, I have filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to counsel of record.

/s/ John C. Bell, Jr.
John C. Bell, Jr.
*Attorney for Appellee*

# Tab A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| CITY OF BRUNSWICK, by and through its Mayor and Board of Commissioners,<br><br>   Plaintiff,<br><br>   v.<br><br>HONEYWELL INTERNATIONAL, INC., formerly known as ALLIED CHEMICAL CORPORTATION and as ALLIEDSIGNAL, INC.; and THE GEORGIA POWER COMPANY,<br><br>   Defendants. | CIVIL ACTION NO.: 2:24-cv-129 |

**O R D E R**

Presently before the Court are: (1) Defendants' Motion to Stay, (doc. 10), in which they seek a stay of this case pending a ruling by the Court of Appeals for the Eleventh Circuit regarding the propriety of this Court's prior remand of this lawsuit, and (2) Plaintiff's Motion to Stay Response to Motions to Dismiss Filed by Defendants, (doc. 20), in which Plaintiff requests that its deadline to respond to two pending motions to dismiss, (docs. 12 & 15), be extended to thirty days after the Court issues a ruling on Plaintiff's pending Motion to Remand, (doc. 4). No party has voiced any objection to the opposing side's motion to stay. Accordingly, the Court **GRANTS**

both Motions, (docs. 10 & 20), and **DIRECTS** the Clerk of Court to enter a stay in this case. The Court **DIRECTS** the parties to jointly file, within **TEN DAYS** of the issuance of a ruling by the Eleventh Circuit in <u>City of Brunswick v. The Georgia Power Company, et al.</u>, No. 23-13200-F (11th Cir.), a short notice in this case, informing the Court of the outcome of the appeal. Furthermore, the Court **EXTENDS** Plaintiff's deadline to respond to the motions to dismiss filed by Defendant Honeywell International, Inc., (doc. 12), and by Defendant Georgia Power Company, (doc. 15), to **THIRTY DAYS** after this Court's entry of an order on Plaintiff's Motion to Remand, (doc. 4).

       **SO ORDERED**, this 7th day of January, 2025.

_____

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA