No. 23-13200-F

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

---

CITY OF BRUNSWICK

*Plaintiff-Appellee*,

v.

THE GEORGIA POWER COMPANY, *et al.*,

*Defendants-Appellants*.

---

On Appeal from the United States District Court
for the Southern District of Georgia
No. 2:22-cv-00132-JRH-BWC (Hall, C.J.)

---

## APPELLANT HONEYWELL INTERNATIONAL INC.'S
## SUPPLEMENTAL BRIEF

---

Elisabeth S. Theodore
Charles Birkel
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com
charlie.birkel@arnoldporter.com

Jeffrey D. Talbert
ARNOLD & PORTER KAYE
SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Telephone: (207) 233-3463
Fax: (212) 836-8689
jeff.talbert@arnoldporter.com

*Counsel for Defendant-Appellant Honeywell International Inc.*

(additional counsel listed on next page)

Zachary Fayne
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center, 10th Fl.
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Fax: (415) 471-3400
zachary.fayne@arnoldporter.com

Mark D. Johnson
Amber M. Carter
GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.
777 Gloucester St., Ste. 200
Brunswick, GA 31520
Telephone: (912) 265-6700
Fax: (912) 264-0244
mjohnson@ghsmlaw.com

*Counsel for Defendant-Appellant Honeywell International Inc.*

City of Brunswick v. The Georgia Power Company, et al.
Case No. 23-13200-F

## CERTIFICATE OF INTERESTED PARTIES AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1(a)(1), Defendant-Appellant Honeywell International Inc., through undersigned counsel, hereby submit this Certificate of Interested Persons and Corporate Disclosure Statement.

Set forth below is a list of all persons and entities known to Honeywell International Inc. that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10 percent or more of a party's stock, and other identifiable legal entities related to a party:

- Archer, T. Joshua R., counsel for Appellant The Georgia Power Company

- Arnold & Porter Kaye Scholer LLP, law firm representing Appellant Honeywell International Inc.

- Balch and Bingham LLP, law firm representing Appellant The Georgia Power Company

- Bell, John C., Jr., counsel for Appellee City of Brunswick

- Birkel, Charles, counsel for Appellant Honeywell International Inc.

- Brewton, Benjamin H., counsel for Appellant The Georgia Power Company

- Carter, Amber M., counsel for Appellant Honeywell International Inc.

- City of Brunswick, Appellee

C-1 of 2

City of Brunswick v. The Georgia Power Company, et al.
Case No. 23-13200-F

- Corry, Brian D., counsel for Appellee City of Brunswick

- Fayne, Zachary, counsel for Appellant Honeywell International Inc.

- The Georgia Power Company, Appellant

- Gilbert Harrell Sumerford & Martin, P.C., law firm representing Appellant Honeywell International Inc.

- Hall, J. Randal, Chief Judge, United States District Court for the Southern District of Georgia

- Honeywell International Inc. (NASDAQ: HON), Appellant

- Israel, Brian D., counsel for Appellant Honeywell International Inc.

- Jackson, Robert B. IV, counsel for Appellee City of Brunswick

- Mirski, Sean A., counsel for Appellant Honeywell International Inc.

- Talbert, Jeffrey D., counsel for Appellant Honeywell International Inc.

- Theodore, Elisabeth S., counsel for Appellant Honeywell International Inc.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*

C-2 of 2

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT ...........................................................................C-1

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ...........................................................................................1

BACKGROUND .............................................................................................2

ARGUMENT ..................................................................................................4

I.       The Court Should Stay this Appeal Pending the Supreme Court's Decision in *Plaquemines Parish* ...................................................................4

II.      The Court Can and Should Reverse Regardless of Which Complaint is Operative...................................................................8

      A.       This Appeal Presents a Live Controversy Regardless of Which Complaint Governs ...........................................................9

      B.       The State Court Proceedings and Second Amended Complaint Are Likely Not Operative for Purposes of this Appeal, but the Court Need Not Resolve that Question .............11

CONCLUSION ..............................................................................................19

CERTIFICATE OF COMPLIANCE ...............................................................21

CERTIFICATE OF SERVICE .......................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bollinger v. State Farm Mut. Auto. Ins. Co.*,
   538 F. App'x 857 (11th Cir. 2013) ....................................................16

*BP P.L.C. v. Mayor & City Council of Baltimore*,
   141 S. Ct. 1532 (2021) ......................................................................12

*Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*,
   128 F.3d 504 (7th Cir. 1997) ............................................................12

*Bryan v. BellSouth Commc'ns, Inc.*,
   492 F.3d 231 (4th Cir. 2007) ............................................................17

*California by and through Harrison v. Express Scripts, Inc.*,
   139 F.4th 763 (9th Cir. 2025) ...........................................................13

*Caver v. Cent. Ala. Elec. Coop.*,
   845 F.3d 1135 (11th Cir. 2017) ...........................................................5

*City of Martinsville, Va. v. Express Scripts, Inc.*,
   128 F.4th 265 (4th Cir. 2025) ...............................................2, 12, 17

*Clark v. Georgia*,
   No. 23-13368 (11th Cir. Dec. 21, 2023), ECF 26 ............................14

*Coinbase, Inc. v. Bielski*,
   599 U.S. 736 (2023) ...........................................................1, 8, 11, 12

*Connectu LLC v. Zuckerberg*,
   522 F.3d 82 (1st Cir. 2008) ........................................................10, 19

*Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*,
   561 F.3d 1294 (11th Cir. 2009) ........................................................19

*Dye v. Sexton*,
   695 F. App'x 482 (11th Cir. 2017) ...................................................19

*Felton v. Vroom Auto., LLC*,
   2025 WL 2014325 (N.D. Ala. July 17, 2025) ..................................11

ii

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982)................................................................11

*Plaquemines Parish v. BP Am. Prod. Co.*,
   103 F.4th 324 (5th Cir. 2024) ......................................5, 6

*Plaquemines Parish v. Chevron USA, Inc.*,
   84 F.4th 362 (5th Cir. 2023) ...........................................15

*Royal Canin U.S.A., Inc. v. Wullschleger*,
   604 U.S. 22 (2025)............................................................17

*Sierminski v. Transouth Fin. Corp.*,
   216 F.3d 945 (11th Cir. 2000) .........................................18

*Sykes v. Texas Air Corp.*,
   834 F.2d 488 (5th Cir. 1987) ...........................................16

*Town of Newburgh v. Newburgh EOM LLC*,
   151 F.4th 96 (2d Cir. 2025) .............................................10

*Town of Pine Hill, Alabama v. 3M Co.*,
   2025 WL 994187 (S.D. Ala. April 2, 2025) ...............15, 16

*Willingham v. Morgan*,
   395 U.S. 402 (1969).........................................................18

*Wood v. Crane Co.*,
   764 F.3d 316 (4th Cir. 2014) .............................................9

**Statutes**

28 U.S.C.
   § 1442(a)(1) .................................................................4, 5
   § 1446(a) ...........................................................................9
   § 1446(b)(1) .......................................................................9
   § 1446(b)(3) ...................................................................3, 9
   § 1446(d)..........................................................................13
   § 1447(d).............................................................................9
   § 1455..............................................................................14
   § 1455(b)(3) .....................................................................14
   § 1653..............................................................................19

42 U.S.C.
   § 9622(e)(6) ................................................................................................7

Removal Clarification Act of 2011, Pub. L. No. 112-51, § 2(b), 125
   Stat. 545 (2011)..........................................................................................6

**Court Rules**

Fed. R. Civ. P. 62(a)..........................................................................15, 16

iv

## INTRODUCTION

This Court directed the parties to address two questions: first, whether the Court should stay the appeal pending the Supreme Court's decision in *Chevron USA Inc. v. Plaquemines Parish* (No. 24-813); and second, whether *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), "requires an automatic stay of district court proceedings upon filing of a notice of appeal, such that subsequent state court proceedings are without legal effect for the purpose of mootness." Dkt. 73.[1]

*First*, the issues raised in *Plaquemines Parish* sufficiently overlap with this appeal to warrant a stay. At minimum, the Supreme Court is poised to clarify the standard for federal-officer removal that governs in this case. Honeywell maintains that this case is removable under any of the competing interpretations of the federal-officer-removal statute presented in *Plaquemines Parish*—as well as under federal-question jurisdiction—but a stay will preserve judicial resources by allowing the Court to apply the standard articulated by the Supreme Court in the first instance.

*Second*, this appeal represents a live controversy for which this Court can grant meaningful relief—the key consideration in any mootness inquiry—regardless of whether the district court's remand order should have been stayed and regardless

---

[1] References to the district court record are formatted as follows: Dct.Doc.[ECF No.] at [Page No.] and ¶ [No.]. References to this Court's docket are formatted as follows: Dkt.[ECF No.] at [Page No.] and ¶ [No.].

of the status of subsequent proceedings in the state court. Whatever complaint is operative, the question whether this action was properly removed to federal court is live and has significant consequences for Honeywell.

The reasoning of *Coinbase* fully applies in the context of interlocutory appeals under the federal-officer-removal statute, and supports an automatic stay of remand orders. *See City of Martinsville, Va. v. Express Scripts, Inc.*, 128 F.4th 265, 272 (4th Cir. 2025). But this Court need not decide the question—and need not decide how a *Coinbase* stay operates in a situation where the remand order was mailed before the appeal was noticed. Instead, Honeywell respectfully suggests that this Court may simply conclude that this case is removable regardless of which complaint is treated as operative for purposes of assessing removability. Both the original and the Second Amended Complaint are sufficiently related to Honeywell's cleanup of a Superfund site under the supervision of EPA to satisfy the federal officer removal statute. While the Court could vacate the decision below and remand to allow the district court to consider the Second Amended Complaint in the first instance, Honeywell respectfully suggests that that result would not serve judicial economy.

## BACKGROUND

On October 20, 2022, the City of Brunswick filed this lawsuit against Defendants Honeywell and Georgia Power in the Superior Court of Glynn County, Georgia. Defendants timely removed. On September 1, 2023, the district court

2

granted the City's remand motion, and ordered the clerk on the same day to remand and close the case.  Dct.Doc. 44.  Defendants filed timely notices of appeal on September 25 and 26, 2023.  Dct.Doc. 45; Dct.Doc. 47.

On remand, the state court granted Defendants' motion to stay proceedings pending appeal before this Court.  Dkt. 65 Ex. G, at 2.  On April 29, 2024, at the City's request and over Defendants' objections, the state court lifted its stay and required the parties to proceed with the litigation.  *Id.*[2]

The City filed its First Amended Complaint on September 18, 2024, and served a Second Amended Complaint on October 15, 2024.  *See id.* at 4; *see also* Dkt. 62-2 at 3.  Honeywell timely removed the case to federal court for a second time.  Honeywell maintained that the original complaint was removable; but, given the district court's contrary decision, Honeywell protectively removed the Second Amended Complaint under 28 U.S.C. § 1446(b)(3) as "an amended pleading … from which it may first be ascertained that the case is one which is or has become removable."  *See* Dkt. 62-2.

Back in federal district court, Defendants quickly moved to stay proceedings again pending this Court's decision in this appeal, which likely will affect the

---

[2] For the reasons set forth in Honeywell's response to the City's motion to dismiss, Defendants did not waive their right to continue this appeal when state-law rules and deadlines forced them to file responsive pleadings in state court.  *See* Dkt. 65.

outcome of the City's second motion to remand.  *See* Honeywell Mot. Stay, *City of Brunswick v. Honeywell Int'l, Inc.*, No. 24-cv-129 (S.D. Ga. Nov. 26, 2024), ECF 10. The district court granted Defendants' motion on January 7, 2025, and the case remains stayed below.  *See* Stay Order, *City of Brunswick v. Honeywell Int'l, Inc.*, No. 24-cv-129 (S.D. Ga. Jan. 7, 2025), ECF 22.

## ARGUMENT

### I.  The Court Should Stay this Appeal Pending the Supreme Court's Decision in *Plaquemines Parish*

Because *Plaquemines Parish* is likely to clarify the standards that apply to multiple aspects of the federal-officer-removal statute, the Court should stay this appeal pending the Supreme Court's decision.

The federal-officer-removal statute allows for the removal of an action against "any officer (or any person acting under that officer) of the United States or of any agency thereof … for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).  Where the removing defendant is not a federal officer, this Court employs a three-pronged test: (1) the defendant "must show that it is a person within the meaning of the statute who acted under a federal officer"; (2) it must establish "a causal connection" between the plaintiff's claims and the actions taken under federal control, *i.e.*, by showing "a 'connection' or 'association' between the act in question and the federal office"; and (3) it "must raise a

4

colorable federal defense." *Caver v. Cent. Ala. Elec. Coop.*, 845 F.3d 1135, 1142, 1144 (11th Cir. 2017) (citation omitted).

*Plaquemines Parish* involves lawsuits alleging that a group of oil and gas companies violated Louisiana state law by engaging in various oil production and exploration activities on the Louisiana coast. The companies removed under 28 U.S.C. § 1442(a)(1), arguing that they had entered into refining contracts with the federal government and that their production activities were sufficiently connected to those contracts to warrant federal-officer removal. The Fifth Circuit concluded that the companies were acting under a federal officer via their refining contracts, but that the challenged production and exploration conduct was not sufficiently related to the companies' actions under federal officers. *Plaquemines Parish v. BP Am. Prod. Co.*, 103 F.4th 324, 335, 345 (5th Cir. 2024). The court concluded that the lack of "*any* contractual provision pertaining to oil production or directing Defendants to use only oil they produced" foreclosed a showing of a sufficient connection between "the federal directives and challenged conduct." *Id.* at 341-42 (emphasis in original).

Petitioners argue that the Fifth Circuit misapplied § 1442's "for or relating to" provision by requiring "an explicit 'federal directive' with respect to the challenged conduct" in their case. Pet'r's Br. at 2, *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813 (U.S. Sep. 4, 2025). They argue in particular that

the Fifth Circuit failed to recognize the breadth of the 2011 amendments to § 1442, which had established that a lawsuit is removable if it seeks to hold a defendant liable for conduct "for or relating to" acts taken under a federal officer. *See* Removal Clarification Act of 2011, Pub. L. No. 112-51, §2(b), 125 Stat. 545 (2011). That broad standard contrasts with the pre-amendment test, which required a removing defendant to show "its actions *taken pursuant to the government's direction or control* caused the plaintiff's specific injuries." *Plaquemines Parish*, 103 F.4th at 349 (Oldham, J., dissenting) (emphasis in original) (citation omitted). The respondents disagree with that argument, and also contend that the Supreme Court may affirm on the alternative ground that the oil companies failed to satisfy the "acting under" requirement. *See* Br. for Parish Respondents at 16-27, *Plaquemines Parish*, No. 24-813 (U.S. Nov. 13, 2025); *see also* Br. for State Respondents at 20-36, *Plaquemines Parish*, No. 24-813 (U.S. Nov. 13, 2025).

In short, the Court in *Plaquemines Parish* may clarify both the "acting under" and the connection or association aspects of the removal test. Both of those issues are live in this case. The district court ordered remand on the theory that Honeywell did not act under a federal officer because the "Complaint does not allege the pollution was done under the direction and control of the EPA." Dct.Doc. 43 at 10. Honeywell has contended that the court improperly imported aspects of the connection or association test into the acting under test, and also set

6

too high of a bar for the requisite connection or association.  Dkt. 21 at 19 n.4.  At oral argument, Justice Jackson expressed concern about "collapsing" the "acting under" and "for or relating to" requirements, raising the possibility that the Supreme Court's opinion may address that issue as well.  Oral Arg. Tr. at 70, *Plaquemines Parish*, No. 24-813 (U.S. Jan. 12, 2026).

To be clear, Honeywell believes that it should prevail in this case under any plausible conception of the "acting under" requirement and the "connection or association" requirement for federal-officer removal.  Since its remediation investigation and feasibility study began in 1995, Honeywell has been barred from carrying out any action at the Plant Site absent EPA approval.  Doc.1-1 at 73-78; Doc.1-1 at 151 ¶ 69; *see also* 42 U.S.C. § 9622(e)(6).  All of Honeywell's activities for the last three decades and all of its current activities are at EPA's direction.  As for the connection or association prong, the City claims that Honeywell's "activities *at the Plant Site* caused and *continue to cause* toxic mercury and PCBs to be spilled, discharged and deposited into the Turtle River, … surrounding marshlands and onto property of the City of Brunswick." Dct.Doc. 1-1 at 152 ¶ 75 (emphasis added).  Clearly those claims at least "connect" or "relate" to the actions Honeywell has taken and is taking at the Plant under federal direction and control.

Nonetheless, the *Plaquemines Parish* decision will likely come out by June, the decision will almost certainly address or clarify the legal principles that apply to this case, and it would serve judicial economy to wait for that decision before ruling, rather than running the risk that the Supreme Court's decision would materially change the applicable legal analysis and necessitate a revision of this Court's opinion. Moreover, it appears that all parties support a stay.

## II. The Court Can and Should Reverse Regardless of Which Complaint is Operative

This Court next asked whether *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), "requires an automatic stay of district court proceedings upon filing of a notice of appeal, such that subsequent state court proceedings are without legal effect for the purpose of mootness." Dkt. 73. Honeywell reiterates that this *appeal* is not moot regardless of the application of *Coinbase* and regardless of whether the subsequent proceedings in state court, such as the Second Amended Complaint, are deemed to have legal effect. That question affects what complaint the Court should consider in determining whether this case is removable, but not whether the Court has jurisdiction to address removability.

If this Court reaches the *Coinbase* question, it should conclude that the remand lacked effect in light of *Coinbase* and that the original complaint is the operative one for purposes of this appeal. Honeywell respectfully suggests,

8

however, that the Court need not reach the question, and can simply reverse on the ground that the case is removable regardless of which complaint is operative.

### A.    This Appeal Presents a Live Controversy Regardless of Which Complaint Governs

As explained at greater length in Honeywell's supplemental brief, Dkt. 70, the status of the Second Amended Complaint—and the question whether the Court may or must consider it in this appeal—is distinct from the question whether the *appeal* is moot.  Put differently, if the Court determines that the Second Amended Complaint is live, that does not mean this appeal is moot.

Congress made "civil action[s]" removable, not complaints. 28 U.S.C. § 1446(a).  The removal statute consistently draws a contrast between "case" or "civil action" and the "pleadings" in that case or civil action.  *See, e.g.*, *id.* §§ 1446(a), (b)(1), (b)(3), 1447(d).  A plaintiff's "pleading[s]" allow defendants to "ascertain[] that the case is one which is or has become removable," *id.* § 1446(b)(3), but it is the case that is removable to federal court, *see Wood v. Crane Co.*, 764 F.3d 316, 320 (4th Cir. 2014) ("[P]arties remove cases, not claims.").  Moreover, Congress gave "defendants," not plaintiffs, the right to select the forum under 28 U.S.C. § 1446, and it further provided that remand orders in federal officer cases "shall be reviewable by appeal," *id.* § 1447(d).  So the plaintiff cannot unilaterally "moot" a remand appeal by filing an amended complaint, in state court or federal court.  Moreover, if this Court were to dismiss

this appeal as moot, the dismissal could have collateral consequences for

Honeywell's *second* removal, where the City has simply incorporated by reference

its briefing on the original complaint in its motion to remand the Second Amended

Complaint. *See* Mot. Remand, *City of Brunswick v. Honeywell Int'l, Inc.*, No. 24-

cv-129 (S.D. Ga. Nov. 26, 2024), ECF 4-1 at 2; *see Connectu LLC v. Zuckerberg*,

522 F.3d 82, 89 (1st Cir. 2008) (relying on collateral consequences to reject

mootness argument).

To be sure, if the City had voluntarily *dismissed* its complaint in state

court—ending the case entirely—that decision might have mooted this appeal.

*See, e.g.*, *Town of Newburgh v. Newburgh EOM LLC*, 151 F.4th 96, 101 (2d Cir.

2025).  "The relief the [removing defendant] seeks in its petition for removal is for

the … action … to be heard in federal rather than state court," and a dismissal

means that "relief sought" is "no longer needed." *Id.* (citation omitted).  But the

relief Honeywell sought in its petition for removal—that this civil action should be

heard in federal court—is still manifestly needed regardless of which complaint

governs, and this Court can provide effective relief by reversing or vacating the

remand order.

Accordingly, regardless of what this Court concludes about the status of

subsequent state court proceedings under *Coinbase*, it would not be appropriate to

dismiss the appeal as moot.  District court practice confirms the point.  When

10

plaintiffs amend their pleadings following a removal, district courts do not dismiss the removal as moot; they allow the removing defendants "to amend their notice of removal to reflect the new claims in Plaintiff's post-removal amendment to the complaint." *Felton v. Vroom Auto., LLC*, 2025 WL 2014325, at *3 (N.D. Ala. July 17, 2025).

**B.    The State Court Proceedings and Second Amended Complaint Are Likely Not Operative for Purposes of this Appeal, but the Court Need Not Resolve that Question**

Under the best reading of *Coinbase*, a district court should automatically stay its remand order at the moment a removing defendant in a civil action notices an interlocutory appeal, and the subsequent state court proceedings in this case are likely a nullity. However, the Court need not reach that issue because it can simply hold that this case is removable regardless of which complaint is operative for purposes of ascertaining removability.

1.    *Coinbase* held that an interlocutory appeal from the denial of a motion to compel arbitration automatically stayed district court proceedings, based on the "clear background principle"—referred to as the *Griggs* principle—that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). In a case like *Coinbase*, where "the question on appeal is whether the case belongs in

11

arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Id.* at 741.  Indeed, in such circumstances, "continuation of proceedings in the district court 'largely defeats the point of the appeal.'" *Id.* (quoting *Bradford-Scott Data Corp. v. Physician Comput. Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997)).

*Coinbase*'s reasoning applies equally to interlocutory appeals under the federal-officer-removal statute.  "[F]or suits against federal officers or agencies removed pursuant to 28 U.S.C. § 1442 … Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." *BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1536 (2021). As in *Coinbase*, that appeal seeks to resolve the "foundational question" of "[w]hich forum will hear the case," and thus "essentially the whole case is 'involved in the appeal.'"  *City of Martinsville*, 128 F.4th at 270 (holding that the *Griggs* principle underlying *Coinbase* requires an automatic stay when a federal-officer-removal decision is appealed).  Whether the district court's remand order should take effect in state court—and whether the district court can execute that order by mailing it—is precisely the question on appeal.  As this case amply demonstrates, "[t]wo courts at once is one court too many."  *Id.* at 272.

The Ninth Circuit has held that *Coinbase* does not apply to appeals of remand orders, but its reasoning is unpersuasive.  *See California by and through*

*Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025). The court distinguished the arbitration context and held that federalism and comity concerns compelled a different result in cases of federal-officer removal. *See Express Scripts*, 139 F.4th at 768-72. According to the court, "[i]mproper removals based on the federal officer removal statute deprive state courts of jurisdiction over cases that should rightfully be heard in their fora, in violation of comity principles." *Id.* at 769. But Congress mandated that result in the removal statute itself when it directed that a state court shall "proceed no further" upon the filing of a notice of removal. 28 U.S.C. § 1446(d). Preserving that stay through the course of the appeal presents no greater "comity" issue.

And contrary to the Ninth Circuit's view, allowing litigation to proceed simultaneously in federal and state court does not advance federalism or comity considerations. Should the appellate court find that remand was improper, the state court's resources have been unnecessarily wasted. This case also highlights the perils of allowing the state court to proceed during the pendency of the appeal, because the continuation of state court proceedings ended up requiring Honeywell to file a protective removal notice based on the new complaint.

In an unpublished order, a panel of this Court declined to extend *Coinbase* to the removal of a state criminal proceeding under the federal-officer-removal statute. *See Clark v. Georgia*, No. 23-13368 (11th Cir. Dec. 21, 2023), ECF 26.

13

The Court reasoned that the *Griggs* principle could support a stay of the removing defendant's federal district court proceedings but not a "stay of his *state* court prosecution." *Id.* at 2 (emphasis in original).  But there are obvious reasons to distinguish removal of state criminal cases under 28 U.S.C. § 1455.  Unlike civil cases removed under Section 1446—which divests the state court of jurisdiction upon removal—Section 1455 expressly provides that "a notice of removal … shall not prevent the State court in which such prosecution is pending from proceeding further."  28 U.S.C. § 1455(b)(3).

2.    Here, Honeywell appealed within the 30-day window that Congress provided, but *after* the district court's remand order was mailed.  That complication may counsel against resolving the *Coinbase* issue in this case, because the Court will have to decide not only whether *Coinbase* supports an automatic stay in removal cases, but also whether the automatic stay has the effect of rendering a pre-appeal remand order invalid.  If the Court does resolve the issue, however, there are good reasons to conclude that the remand was invalid *ab initio*; that the district court never lost jurisdiction before the filing of the appeal; that the appeal then continued to deprive the district court of jurisdiction to remand; and that the state court never properly regained jurisdiction.

Multiple courts have held in a variety of contexts that the erroneous mailing of a remand order does not continue to confer jurisdiction on state courts and that a

14

district court retains jurisdiction to withdraw even its already-mailed remand order. In *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362 (5th Cir. 2023), the Court held that a federal district court retained jurisdiction to stay an already-mailed remand order because it "retains jurisdiction to vacate" the order after appeal under § 1447(d), *id.* at 372. In *Town of Pine Hill, Alabama v. 3M Co.*, 2025 WL 994187 (S.D. Ala. April 2, 2025), the court faced a situation similar to this one, where it mailed its remand order before the notice of appeal was filed. The court explained that the transmission of the order was never properly effective because Federal Rule of Civil Procedure 62(a) stays execution on a judgment for 30 days after the judgment's entry. Even though the remand order had been mailed, Rule 62(a) rendered "the act of transmitting the order … ineffective at least until the automatic stay expired," and the district court "did not lose jurisdiction of this case based on the remand order being mailed." *Id.* at *1. Then, once an appeal was timely filed before expiration of the 30 days, *Coinbase* required a continuation of the stay: "[o]nce the appeal was filed, this Court lost jurisdiction to execute the remand at the end of the automatic stay." *Id.* at *3. Accordingly, the state court could not proceed despite receiving the remand notice.

The same reasoning applies here. Under Rule 62(a), the district court should not have immediately ordered the mailing of the remand order, and Honeywell timely appealed before the 30-day stay expired. That deprived the district court of

15

jurisdiction to execute the remand, and means that jurisdiction was never properly returned to the state court.  This Court could properly treat the remand, and subsequent state court proceedings, as a nullity.  Indeed, it could do so without addressing *Coinbase*; other courts have held that an appellate decision reversing a remand order on the merits can nullify state court proceedings.  *See Sykes v. Texas Air Corp.*, 834 F.2d 488, 491 & n.10 (5th Cir. 1987) (explaining that, where remand is reversed on appeal, "case progress made in the state court proceedings may be nullified and the parties forced to restart in federal court" but "*final* state court judgments would not be affected by a successful appeal");  *cf. Bollinger v. State Farm Mut. Auto. Ins. Co.*, 538 F. App'x 857, 864 n.4 (11th Cir. 2013) (noting, in a case where remand was denied, that "[w]ithout a remand from the federal court, any further action by a state court in the same case is void *ab initio*").[3]

3.    Honeywell respectfully submits, however, that the Court need not decide the question of whether the Second Amended Complaint is a nullity.[4]  The

---

[3] It is irrelevant that Defendants did not file a stay motion in federal district court (and instead sought that relief in state court).  An automatic stay is self-executing, and the district court is "immediately required to halt all proceedings covered by the *Griggs* principle when a proper notice of appeal is docketed, whether or not the parties ask it to."  *City of Martinsville*, 128 F.4th at 270.

[4] *See, e.g.*, *Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 241 (4th Cir. 2007) (declining to "resolve" what it termed the "difficult issue" of whether "our vacatur

question on appeal is whether the *action* is removable, and the operative pleading simply allows the court to ascertain what the action is about. *Supra* at 9. The Court can avoid the *Coinbase* issue by simply holding that the district court's remand order was incorrect regardless of whether the original complaint or the Second Amended Complaint is the live complaint.

In light of the Supreme Court's recent decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), Honeywell is entitled to rely on the Second Amended Complaint to establish federal-officer-jurisdiction to the extent that complaint is live. *See id.* at 37-38 ("[T]he presence of jurisdiction, in removed as in original cases, hinges on the amended, now operative pleading."). If the Second Amended Complaint is live, the case is removable for the reasons explained in Honeywell's supplemental brief. *See* Dkt. 70 at 19-20. The new allegations clearly reflect that the City is challenging the adequacy of the remediation currently being performed at the Plant Site by Honeywell. *See* Dkt. 70 at 20. To the extent it is not, the case is removable based on the original complaint for the reasons explained in Honeywell's original briefs. And Honeywell also maintains, as noted in its supplemental brief, that the second amended complaint is "evidence [that] sheds light on the situation which existed when the case was removed,"

---

of the district court's remand order … retroactively deprived the state courts of jurisdiction that was returned to them by the district court").

regardless of whether it is treated as the operative complaint. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citation omitted).

All parties support a stay pending the decision in *Plaquemines Parish*. If the Court grants that stay, it presumably will afford the parties an opportunity to address federal-officer jurisdiction under the *Plaquemines Parish* standards, and Honeywell intends to argue that either complaint supports removal. This approach will obviate any need for the Court to determine whether "subsequent state court proceedings," including the Second Amended Complaint, "are without legal effect." Dkt. 73.

4.     Nor is there any need for the Court to remand for the district court to consider the Second Amended Complaint in the first instance, or to allow for a formal amendment of the notice of removal to address the Second Amended Complaint. If the Court concludes that the Second Amended Complaint is the operative pleading for purposes of considering whether this case is removable, it can and should simply address that pleading. For example, in *Willingham v. Morgan*, 395 U.S. 402 (1969), the Supreme Court held that on appeal it could, in reversing a decision ordering remand under the federal-officer statute, "treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits." *Id.* at 407 & n.3.

Here too, this Court can treat the removal petition as if it has been amended to refer to the second amended complaint. That is especially so because the ultimate question here is one of jurisdiction. *Cf.* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see, e.g.*, *Connectu*, 522 F.3d at 92-96 (holding that the district court should have considered an amended rather than an original complaint for purposes of determining the existence of diversity jurisdiction, reviewing that complaint in the first instance, and reversing the jurisdictional determination).

At minimum, however, the Court should not dismiss if it concludes that the Second Amended Complaint is the operative one. If the Court does not believe that it can consider that complaint in the first instance, Honeywell respectfully requests that the Court vacate with directions to allow Honeywell to amend its notice of removal to address the second amended complaint. *Cf. Dye v. Sexton*, 695 F. App'x 482, 486 (11th Cir. 2017); *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1298 (11th Cir. 2009).

## CONCLUSION

Honeywell supports a stay of this appeal pending the Supreme Court's decision in *Plaquemines Parish*. But this Court need not take up the question of *Coinbase*'s applicability to assure itself that this appeal represents a live controversy for which it can provide relief.

Dated: February 17, 2026

Respectfully submitted,

Mark D. Johnson
Amber M. Carter
GILBERT, HARRELL,
SUMERFORD & MARTIN, P.C.
777 Gloucester St., Ste. 200
Brunswick, GA 31520
Telephone: (912) 265-6700
Fax: (912) 264-0244
mjohnson@ghsmlaw.com

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore
Charles Birkel
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
elisabeth.theodore@arnoldporter.com
charlie.birkel@arnoldporter.com

Jeffrey D. Talbert
ARNOLD & PORTER KAYE
SCHOLER LLP
250 W. 55th Street
New York, NY 10019
Telephone: (207) 233-3463
Fax: (212) 836-8689
jeff.talbert@arnoldporter.com

Zachary Fayne
ARNOLD & PORTER
KAYE SCHOLER LLP
Three Embarcadero Center, 10th Fl.
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Fax: (415) 471-3400
zachary.fayne@arnoldporter.com

*Counsel for Defendant-Appellant
Honeywell International Inc.*

20

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and 32(g)(1), the undersigned counsel for Defendant-Appellant Honeywell International Inc. certifies the following:

1. This response complies with the type-volume limitation set out in this Court's supplemental briefing order, *see* Dkt. 73, because it contains 4,600 words, excluding the parts of the response exempted by Fed. R. App. P. 32(f).

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared using Microsoft Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

<u>*/s/ Elisabeth S. Theodore*</u>
Elisabeth S. Theodore

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was filed electronically on February 17, 2026, and will therefore be served electronically upon all counsel.

*/s/ Elisabeth S. Theodore*
Elisabeth S. Theodore

*Counsel for Defendant-Appellant*
*Honeywell International Inc.*
