

T. JOSHUA R. ARCHER
t: +1 (404) 962-3556
f: +1 (404) 261-3656
e: jarcher@balch.com

May 5, 2026

**VIA ELECTRONIC FILING**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia 30303

> **Re:** ***City of Brunswick v. The Georgia Power Company, et al.*** **(Appeal No. 23-13200-CC) — Supplemental Brief Regarding the Effect of the Supreme Court's Decision in *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813, 2026 WL 1040461 (U.S. April 17, 2026) on this Appeal**

Dear Mr. Smith:

Pursuant to the Court's Order on April 21, 2026 (the "April Order"), Appellant Georgia Power Company respectfully submits the following supplemental briefing.

1. **Address the effect, if any, the Supreme Court's decision in *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813, 2026 WL 1040461 (U.S. April 17, 2026), has on this appeal.**

The Supreme Court of the United States' decision in *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813, 146 S. Ct. 1052 (2026) further affirms removal is proper in this case under the federal officer removal statute, 28 U.S.C. § 1442.[1] At a

---

[1] The *Plaquemines Parish* decision has no bearing on Defendant Georgia Power Company and Defendant Honeywell's (collectively, "Defendants") other independent grounds for why removal is proper here, where the City of Brunswick's

30 Ivan Allen, Jr. Blvd., N.W.
Suite 700
Atlanta, GA 30308
**balch.com**

ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | TEXAS | WASHINGTON, DC

Mr. David J. Smith
Clerk of Court
May 5, 2026
Page 2

high level, *Plaquemines Parish* clarifies the "relating to" language set forth in 28 U.S.C. § 1442(a)(1) requires a connection that is not tenuous, remote, or peripheral between the challenged conduct and the removing defendant's performance of federal duties. This clarification is directly applicable here, where the crux of the City of Brunswick's claim challenges remediation efforts made pursuant to, and as directed by, a Consent Decree with the United States.

As the Supreme Court explained in *Plaquemines Parish*, removal under the federal officer removal statute is proper where a removing defendant satisfies three requirements. *See id.* at 1057-58.

> First, the removing defendant must be the United States, a federal agency, a federal officer, or a person "acting under" a federal officer, such as certain private parties hired to assist federal officers. *See Watson v. Philip Morris Cos.*, [551 U.S. 142, 148-152 (2007)]. Second, the suit must be "for or relating to any act under color of such office." [28 U.S.C.] § 1442(a)(1). Third, the removing defendant must assert "a colorable federal defense." *Mesa v. California*, [489 U.S. 121, 129 (1989)]; [*see id.*, at 136-137] (grounding this requirement in Article III of the Constitution).

*Plaquemines Parish*, 146 S. Ct. at 1057-58. In *Plaquemines Parish*, the Supreme Court focused *solely* on the second requirement, assessing whether the case, which implicated Chevron's wartime production of crude oil, was "for or relating to" Chevron's wartime refining of crude oil into aviation gas ("avgas") for the military within the ordinary meaning of 28 U.S.C. § 1442(a)(1). *See id.* at 1058, 1062 & n.5. Ultimately, the Supreme Court held that it did. *See id.*

By way of background, because aviation gas became critical for the military during the Second World War, President Franklin D. Roosevelt created the Petroleum Administration for War ("P.A.W."), an agency which "oversaw the entire oil industry, from production to transportation to refinement." *Id.* at 1058. "With the

---

claims necessarily raise substantial and disputed questions of federal law such that the District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and where Georgia Power Company was fraudulently joined such that the District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Mr. David J. Smith
Clerk of Court
May 5, 2026
Page 3

P.A.W.'s assistance, the Federal Government . . . contracted with dozens of avgas refineries to secure avgas for the military[,]" and ultimately "entered an avgas refining contract with a predecessor of Chevron, the Texas Company." *Id.* (punctuation and footnote omitted). As indicated by the terms of that contract, the Government knew Chevron needed crude oil in order to refine crude oil into avgas. *See id.* "At the same time, Chevron produced crude oil in Plaquemines Parish, Louisiana," and some of the crude oil produced there went to the refinery where Chevron refined crude oil into avgas for the military. *Id.*

Decades later, parishes filed state-court suits under Louisiana's permitting program, intending among other things to challenge certain crude-oil production activities during the Second World War. *See id.* at 1058-59. Chevron argued "the complaint, alongside the parishes' report, showed that the parish would target acts related to its performance of federal duties during the war[,]" namely, its contractual duties to refine crude oil into avgas for the military. *Id.* at 1059. The Supreme Court agreed, concluding "Chevron's wartime crude-oil production was closely connected to its wartime avgas refining, so the parish's suit challenging that crude-oil production relates to that refining." *Id.* at 1060.

In reaching that conclusion, the Supreme Court explained how Congress recently broadened the scope of the second requirement for federal officer removal by replacing the requirement that the suit be "for" an act under color of office (implicating a causal connection between the charged conduct and asserted official authority) with the requirement that the suit be "for *or relating to*" such an act. *Id.* at 1060 n.3 (citing among other things 28 U.S.C. § 1442(a)(1) (2006 ed.); 28 U.S.C. § 1442(b), 125 Stat. 545) (emphasis added). The relatively new phrase "'relating to' sweeps broadly[.]" *Id.* at 1060. Under it, a removing defendant need not establish a strict causal relationship between its duties and the challenged conduct. *See id.* Nor does a removing defendant need to show its federal duties specifically directed or invited the challenged conduct. *See id.* at 1062 (rejecting notion the second requirement was not satisfied where Chevron's refining contract did not specify how to obtain or produce crude oil). Nor does a removing defendant need to show "the defendant was 'acting under' a federal officer in taking the specific actions challenged in the suit." *Id.* at 1062-63 (rejecting argument the second requirement was not satisfied because Chevron did not produce crude oil pursuant to a federal contract). Instead, a removing defendant needs only to establish "a connection that is not tenuous, remote, or peripheral." *Id.* at 1061 (citations and punctuation

25790903.1

Mr. David J. Smith
Clerk of Court
May 5, 2026
Page 4

omitted). Ultimately, in that case, Chevron "plausibly alleged a close relationship between its challenged conduct and the performance of its federal duties," where the parish challenged Chevron's actions that allowed it to increase its production of crude oil, some of which was used in Chevron's wartime refining of avgas. *Id.*

Turning to the case at hand, *Plaquemines Parish* is directly applicable and establishes several clarifications that further affirm why removal under the federal officer removal statute is proper.

To begin, although the District Court purportedly resolved Defendants' federal-officer removal arguments based solely on the first requirement, the District Court effectively merged the first and second requirements into one super-requirement, combining the question of whether Honeywell[2] "act[ed] under" the United States Environmental Protection Agency ("EPA") with the separate question of whether the City of Brunswick's claims were "for or relating to" Honeywell's performance of its federal duties.[3] *See,* Dkt. No. 43 at 6-7 (addressing the City of Brunswick's argument, noting the "City does not argue that Defendants are not persons within the meaning of the statute, but instead, it argues 'Defendants have not shown that they "acted under" a federal officer when they released their contamination to the environment on and about the City's property'" (citation omitted)). Therefore, the Supreme Court's clarification of what it means for a suit to relate to an act under color of federal office is directly applicable here.

Moreover, *Plaquemines Parish*'s clarification of the second requirement further supports that Defendants' factual allegations establish a connection that is not tenuous, remote, or peripheral between the City of Brunswick's claim and the Defendants' performance of federal duties. The crux of the City of Brunswick's claim alleges pollution from the superfund site has caused and is continuing to cause

---

[2] While Defendant Honeywell is the party responsible for cleanup subject to the EPA's directives, Defendant Georgia Power Company is also a named Settling Defendant in the Consent Decree.

[3] Importantly, Defendants have taken this position for the entire duration of this appeal, including before the Supreme Court limited its analysis in *Plaquemines Parish* to interpreting the second requirement. *See, e.g.,* ECF No. 37 at 21 n.4; ECF No. 21 at 33 n.4.

Mr. David J. Smith
Clerk of Court
May 5, 2026
Page 5

harm to the City of Brunswick's land. However, as established in Defendants' briefing, all remediation efforts at the superfund site following the entry of the Consent Decree have been governed by the EPA, limited to the remedial actions the EPA selected, and subject to the EPA's control and supervision. *See, e.g.* ECF No. 37 at 13-22; ECF No. 21 at 4-6, 28-42. Therefore, the City of Brunswick's claim necessarily challenges the efficacy of abatement efforts made by Honeywell at the superfund site pursuant to the Consent Decree.

Even though a removing defendant under *Plaquemines Parish* need not show its federal duties specifically directed or invited the challenged conduct, and even though a removing defendant under *Plaquemines Parish* need not show it was "acting under" a federal officer related to the specific actions at issue, Honeywell's remediation efforts—the actions at issue in the City of Brunswick's claim—were specifically selected, directed, and overseen by the EPA in the Consent Order. *See Plaquemines Parish*, 146 S. Ct. at 1060-63. If the tangential connection between the parish's claims about Chevron's production of crude oil—when only *some* of that oil was used by Chevron to refine crude oil for avgas pursuant to its *contract* with the federal government—related to Chevron's duties owed to the Federal Government, there should be no question the City of Brunswick's challenge to Honeywell's remediation efforts at the superfund site—where *all* of those efforts are selected and directed by the EPA itself, which retains oversight and control over those efforts pursuant to a *Court Order* (the Consent Decree)—likewise relates to Honeywell's duties owed to the Federal Government for purposes of satisfying the second requirement needed for federal officer removal.

Finally, *Plaquemines Parish* again clarifies the question is whether the removing defendant "*plausibly alleged* a close relationship between its challenged conduct and the performance of its federal duties[.]" *Id.* at 1061 (emphasis added) (referencing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), for the proposition that courts "credit plausible factual allegations by the removing party" when reviewing a remand to state court). Here, this Court can credit Defendants' consistent factual allegations supporting that the remediation efforts at the superfund site were pursuant to the Consent Decree, such that the City of Brunswick's challenges are related to the performance of Defendants' federal duties.

Accordingly, *Plaquemines Parish* clarifies the challenged conduct underlying the City of Brunswick's claim relates to the removing Defendants' performance of

25790903.1

Mr. David J. Smith
Clerk of Court
May 5, 2026
Page 6

federal duties within the meaning of 28 U.S.C. § 1442(a)(1), such that the Defendants have satisfied the second requirement needed for federal officer removal. For these reasons and the reasons set forth in Defendants' briefing and oral argument before this Court, which are expressly adopted and incorporated herein, removal is proper in this case.

Sincerely,

T. Joshua R. Archer

TJRA:stl

25790903.1