LAW OFFICES

# THE BELL FIRM

Post Office Box 1547
457 Greene Street (30901)
Augusta, Georgia 30903-1547
(706) 722-2014
Fax (706) 722-7552
Writer's e-mail: john@bellfirm.net

John C. Bell, Jr. (P.C.) (Ga. & S.C.)

Pamela S. James (Ga. & Fl.) (of counsel)

John C. Bell
(1916-1967)
Harry H. Bell, Jr.
(1911-1991)

May 5, 2026

United States Court of Appeals
For the Eleventh Circuit
Elbert Parr Tuttle Court of Appeals Building
56 Forsyth Street, N.W.
Atlanta, GA 30303

> RE: *City of Brunswick v. The Georgia Power Company, et al.*
> Appeal Number: 23-13200-CC

## <u>Letter Brief In Support of Remand Under</u><br><u>*Chevron USA Inc. v. Plaquemines Parish*</u>

## I.    Procedural Background

On September 1, 2023, the United States District Court for the Southern District of Georgia entered an Order after extensive briefing by the parties granting the City of Brunswick's Motion to Remand the case to the Superior Court of Glynn County. Honeywell and Georgia Power had removed the case based on claims that they were federal officers and that Georgia Power had been fraudulently joined to defeat diversity jurisdiction. The District Court held that it did not have federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1) because Georgia Power and Honeywell were not acting as federal officers nor under federal officers when they released pollutants into the waters and marshes on and abutting the City's property. The District Court also held that neither Honeywell nor Georgia Power established federal question jurisdiction because only state law claims were pled in the complaint and that there was no diversity jurisdiction because Georgia Power was not fraudulently joined to defeat diversity. This letter brief addresses the

1

question posed by this Court as to whether the recent Supreme Court decision in *Chevron USA Inc. v. Plaquemines Parish* has any effect on this appeal of the District Court's Remand Order. The Chevron decision relates to the requirements necessary to satisfy the federal officer removal statute and this letter brief is submitted on this issue.

**II.**     *Chevron's* **Holding is Narrow and Applies to Wartime Contractual Obligations. It Does Not Apply nor Reach Post-Release Compliance or Site Remediation Oversight.**

The Court in *Chevron* held that the "relating to" requirement was satisfied because crude-oil production during WWII was intimately connected to federally directed avgas-refining duties under a military contract. The Supreme Court found that *Chevron's* crude-oil production during World War II "related to" its performance of federal avgas-refining contractual duties, satisfying § 1442(a)(1), where the wartime production methods were alleged and where the company undisputedly acted under federal officers as a military contractor.

Further, the Court emphasized that removal is supported when the facts set forth implicate acts "closely connected" to the performance of federal duties. However, the Court *did not* in *Chevron* expand federal officer removal to ordinary regulatory compliance or remediation conducted without Appellants establishing a federal procurement nexus. The Court provided guidelines on what is required to show that conduct is "relating to" a federal duty. According to the Supreme Court, "relating to" requires a connection that is not "tenuous, remote, or peripheral." The Court rejected merging or mixing discrete "acting under" and "for or relating to" conditions. The Court clarified that the statute "contemplates removal of suits against officers or their agents for acts that were not done under color of their offices, so long as the suits "relate[e] to" such acts." *Chevron* at p. 10.

**III.**     **Brunswick's Claims Concern State-Law Damages for Pollution on City Property Outside the Superfund Site; Honeywell Was Not "Acting Under" a Federal Officer in the Challenged Conduct**

The City's complaint alleges that Honeywell's and Georgia Power's historic releases and migration of mercury and PCBs onto City property constitute continuing nuisance and trespass. The City's property is outside the defined Superfund boundaries. The City alleges that Honeywell/Georgia Power operated and/or operated on the Brunswick chlor-alkali plant (1956–1979), discharged mercury and PCBs that migrated into City waters and marshes, and pleads

2

continuing nuisance and trespass for damages to City property. The Consent Decree defines the Superfund Site's operable units.   The City seeks damages for contamination on property outside that defined Site.  The City asserts no claim for equitable relief.

The Appellants' federal-officer theory in this appeal depends entirely on post-contamination regulatory oversight and a Consent Decree, not on any federal contract directing the discharges at issue. Neither Honeywell nor Georgia Power acted as *de facto* federal agents by complying with environmental orders or consent decrees. The district court correctly held that Section 1442 did not apply. Appellants' argument for federal officer jurisdiction relies on consent-decree compliance rather than federally contracted operations linked to the alleged discharges. Similarly, alleged releases of contamination during private, for-profit operations by the Appellants cannot form the basis or nexus set forth in Chevron "for or relating to" a federal duty.

## IV.    Key Distinctions From *Chevron*

*Chevron* turned on a wartime military procurement program where the defendant concededly acted under federal officers as a contractor and the alleged conduct (oil production methods) facilitated contracted avgas refining. No party disputed that *Chevron* "acted under" federal officers in refining avgas for the military, and the suit specifically implicated wartime production acts connected to that duty. Here, Applellants identify no federal contract or federal officer-directed decision causing the contamination releases. The City's claims target private industrial discharges and ongoing migration onto City property.

The Supreme Court's decision in *Chevron USA Incorporated v. Plaquemines Parish, Louisiana*, 24-813, 2026 WL 1040461 (U.S. Apr. 17, 2026) confirms that neither Honeywell nor Georgia Power are federal agents within the meaning of 28 U.S.C. § 1442(a)(1).

Honeywell and Georgia Power are the defendants in *United States v. Honeywell*, 2:16-CV -00112  (S.D. Ga.), and are being held liable under 42 U.S.C. § 9607(a)(2) of the Comprehensive Environmental Liability and Response Act for conduct arising out of decades of illegally releasing hundreds of thousands of pounds of mercury and hundreds of thousands of pounds of PCB's into the air and water of Glynn County, Georgia, and onto property that Defendants did not own, including property of the City of Brunswick.

The Court in *Chevron* held:

> Under the federal officer removal statute, a removing defendant must satisfy three requirements. First, the removing defendant must be the United States, a federal agency, a federal officer, or a person "acting under" a federal officer, such as certain private parties **hired** to assist federal officers.

*Chevron*, at *3 (emphasis added).

Neither Honeywell nor Georgia Power was ever "hired to assist federal officers" at U.S. EPA in EPA's pursuit of those who violate federal environmental law, in this case, Honeywell and Georgia Power, nor does Honeywell point to any contract with any agency of the United State under which either was hired and compensated, as was the case with *Chevron* in its admirable efforts to meet the massive demands for aviation fuel in World War II.

One wonders if either Honeywell or Georgia Power has ever held itself out to be a *federal agent* other than in this case. *See*, 18 U.S.C. § 912. Yet, to meet the requirements of the federal officer removal statute, "the suit must be 'for or relating to an act under color of such office'" and Honeywell "'must assert a colorable federal defense.'" *Chevon*, *3.

Neither Honeywell nor Georgia Power is being sued for acts done under color of federal law nor does the Second Amended Complaint seek equitable relief seeking to modify or stay the Order of July 21, 2017. Dkt. 26, *U.S. v. Honeywell*, 2:16-cv-00112 (S.D. Ga. 2017).

This issue was resolved in *Atlantic Ritchfield Co. v. Christian*, 590 U.S. 1 (2020), wherein the Court held:

> What is more, Atlantic Richfield remains potentially liable under state law for compensatory damages, including loss of use and enjoyment of property, diminution of value, incidental and consequential damages, and annoyance and discomfort. The damages issue before the Court is whether Atlantic Richfield is also liable for the landowners' own remediation beyond that required under the Act. Even then, the answer

is yes—so long as the landowners first obtain EPA approval for the remedial work they seek to carry out.

> *Id*.,  590 U.S. at 23.

The City of Brunswick does not sue for restoration damages or equitable relief.  D.Ct. Case 2:24-cv-129, Dkt. 1-6, ¶¶ 96, 97, 98, 112, 118, 120, 121, 126, 127.

It is notable that the Court in *Chevron* cited *Watson v. Philip Morris Co.*, 551 U.S. 140 (2007) with approval and without endeavoring to expand the meaning of "acting under" a federal officer. *Chevron*, *3.

Justice Thomas authored the opinion of the Court in his customary clear and concise language  No prior decision of the Court was criticized, nor was any precedential decision of a United States Court of Appeals criticized other than the case under review.  Justice Thomas has not hesitated to note the effects of a decision of the Court authored by him on prior decisions of the U.S. Court of Appeals. *See*, *Bridge v. Phoenix Bond. & Indem. Co.*, 553 U.S. 639, 636 (2008).

Decisions such as *County of San Mateo v. Chevron Corp.*, 32 F.4th 733 (9th Cir. 2022) remain good law.  In *County of San Mateo*, the court affirmed the order remanding the case to state court and held:

> Nor does a person's "*compliance* with the law (or *acquiescence* to an order)" amount to " 'acting under' a federal official who is giving an order or enforcing the law." *Watson*, 551 U.S. at 152, 127 S.Ct. 2301. This is true "even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* at 153, 127 S.Ct. 2301.

*Id*, at 757.

Honeywell ignores a central implication of the ruling it seeks.  If Honeywell or Georgia Power is deemed an agent of the U.S. Environmental Protection Agency, their lawyers will owe a duty of loyalty to EPA, a conflict of interest forbidden by bar rules and recognized by ancient scripture.  *See,* Matthew 6:24.

## Rule 1.7     CONFLICT OF INTEREST: GENERAL RULE

(a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

Georgia Rules of Professional Conduct, 1.7(a).

Defendants and the U.S. EPA have starkly different and conflicting interests.

Georgia Power and its counsel herein are not EPA's agent for all the same reasons that Honeywell and its lawyers are not EPA agents.   Moreover, neither Honeywell nor Georgia Power even list the U.S. Environmental Protection Agency as an entity having an interest in the outcome of this appeal. Doc. 20, pp. 2-3; Doc. 21, pp. 3-4.  EPA is not a party with an interest in the outcome of this case for the same reasons that neither Honeywell nor Georgia Power are *de facto* federal agents.

Georgia Power did not argue in its appellate briefs that it is an agent of EPA though it did adopt Honeywell's arguments on the issue.  Doc. 20, p. 15., n.1.

Counsel for the City of Brunswick notes the pending but as yet undecided motion to dismiss this appeal. Doc. 61.  It should be granted.

## CONCLUSION

*Chevron* is a wartime procurement case that turns on the close nexus between alleged conduct and the performance of undisputed federal-contract obligations. The City's case concerns only state-law damages for contamination on City property far outside the Superfund Site, with Honeywell and Georgia Power relying only on post contamination regulatory oversight and a consent decree for any nexus to a claim of acting under a federal officer for or relating to any act under color of such office. Here, there is no contract, no conduct that can be linked to relating to any contractual duty on behalf of the federal government that would protect Appellants from their conduct in allowing contaminants to flow into the marshes and waters of Glynn County while they were engaged in businesses for profit. These entities were not engaged in war-time efforts or other public service except for being forced, after-the-fact, to clean-up an illegal environmental disaster that they had created under a

Consent Order that Appellants fought tooth and nail to avoid. *Chevron* does not support federal officer removal and federal jurisdiction under the facts of this case.

The decision in *Chevron* supports the decision of the district court that neither Honeywell nor Georgia Power are *de facto* federal agents within the meaning of 42 U.S.C. § 1442(a)(1).

Respectfully Submitted,

*s/ John C. Bell, Jr.*
John C. Bell, Jr. – Ga. Bar # 048600
Pamela S. James – Ga. Bar # 389015
THE BELL FIRM
PO Box 1547
Augusta, GA 30903-1547
(706) 722-2014
john@bellfirm.net
pam@bellfirm.net

*s/ Brian Donald Corry*
Brian Donald Corry – Ga. Bar #165557
McQUIGG SMITH & CORRY
504 Beachview Drive Suite 3D
Saint Simons Island, GA 31522
(912) 638-1174
brian@msclawga.com

*s/ Robert P. Killian*
Robert P. Killian – Ga. Bar # 417575
KILLIAN LAW FIRM LLC
47 Professional Drive
Brunswick, GA   31520
(912) 263-9520
bob@killianlawfirm.com

Counsel for Appellee City of Brunswick

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of May, 2026, I have filed the foregoing **Letter Brief In Support of Remand Under *Chevron USA Inc. v. Plaquemines Parish***, with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

*s/ John C. Bell, Jr.*
John C. Bell, Jr.
Counsel for Appellee City of Brunswick